| | |
|---|---|
| DISTRICT COURT, MESA COUNTY, COLORADO<br>125 N. Spruce Street<br>Grand Junction, CO 81505 | |
| IN RE: THE MESA COUNTY GRAND JURY<br><br>PEOPLE OF THE STATE OF COLORADO<br><br>v.<br><br>TINA PETERS,<br><br>and<br><br>BELINDA KNISLEY,<br><br>Defendants. | FILED IN COMBINED COURT<br>MAR 0 8 2022<br>MESA COUNTY COMBINED COURT<br>MESA COUNTY, COLORADO<br><br>▲ COURT USE ONLY ▲ |
| DANIEL P. RUBINSTEIN, District Attorney*<br>JANET STANSBERRY DRAKE,<br>Special Deputy District Attorney*<br>ROBERT S. SHAPIRO,<br>Special Deputy District Attorney*<br>P.O. Box 20,000<br>Grand Junction, CO 81502-5031<br>Registration Numbers:<br>27473 (DPR); 27697 (JSD); 26869 (RSS)<br>*Counsel of Record | Grand Jury Case: 21CR100<br><br>District Court Case Numbers: |
| **MESA COUNTY GRAND JURY INDICTMENT** | |

COUNT 1:   ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4)
           24051

           **Tina Peters and Belinda Knisley**

COUNT 2:   ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4)
           24051

           **Tina Peters and Belinda Knisley**

COUNT 3:   ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4)
           24051

           **Belinda Knisley**

COUNT 4      CONSPIRACY TO COMMIT CRIMINAL IMPERSONATION, C.R.S. 18-5-113(1)(B)(I) AND 18-2-201 (F6) **1011EC**

**Tina Peters and Belinda Knisley**

COUNT 5:     ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4) **24051**

**Tina Peters**

COUNT 6      CRIMINAL IMPERSONATION - CAUSE LIABILITY, C.R.S. 18-5-113(1)(B)(I) (F6) **1011E**

**Tina Peters**

COUNT 7      CONSPIRACY TO COMMIT CRIMINAL IMPERSONATION – CAUSE LIABILITY, C.R.S. 18-5-113(1)(B)(I) AND 18-2-201 (F6) **1011EC**

**Tina Peters**

COUNT 8      IDENTITY THEFT - USES INFORMATION TO OBTAIN THING OF VALUE, C.R.S. 18-5-902(1) (F4) **1307G**

**Tina Peters**

COUNT 9:     FIRST DEGREE OFFICIAL MISCONDUCT, C.R.S. 18-8-404 (M2) **24101**

**Tina Peters**

COUNT 10:    VIOLATION OF DUTY, C.R.S. 1-13-107(1) (M) **38022**

**Tina Peters**

COUNT 11:    FAILURE TO COMPLY WITH REQUIREMENTS OF SECRETARY OF STATE, C.R.S. 1-13-114 (M) **3802E**

**Tina Peters**

COUNT 12:    VIOLATION OF DUTY, C.R.S. 1-13-107(1) (M) **38022**

**Belinda Knisley**

COUNT 13:    FAILURE TO COMPLY WITH REQUIREMENTS OF SECRETARY OF STATE, C.R.S. 1-13-114 (M) **3802E**

**Belinda Knisley**

STATE OF COLORADO        )
                         ) ss.
MESA COUNTY              )

Of the 2021-2022 term of the Mesa County District Court (21st Judicial District) in the year of 2022, the Mesa County Grand Jurors, chosen, selected, and sworn in the name and by the authority of the People of the State of Colorado, upon their oaths, present the following:

## COUNT 1

ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4)

On or about April 23 – May 18, 2021, in Mesa County, State of Colorado, **Tina Peters and Belinda Knisley**, unlawfully and feloniously attempted to influence **Jessi Romero** of the Colorado Department of State/Secretary of State's Office, a public servant, by means of deceit, with the intent thereby to alter or affect the public servant's decision, vote, opinion, or action concerning a matter which was to be considered or performed by the public servant or the agency or body of which the public servant was a member; in violation of section 18-8-306, C.R.S.

## COUNT 2

ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4)

On or about May 10 – May 19, 2021, in Mesa County, State of Colorado, **Tina Peters and Belinda Knisley**, unlawfully and feloniously attempted to influence **David Underwood** of Mesa County, a public servant, by means of deceit, with the intent thereby to alter or affect the public servant's decision, vote, opinion, or action concerning a matter which was to be considered or performed by the public servant or the agency or body of which the public servant was a member; in violation of section 18-8-306, C.R.S.

## COUNT 3

ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4)

On or about May 17, 2021, in Mesa County, State of Colorado, **Belinda Knisley**, unlawfully and feloniously attempted to influence **Stephanie Wenholtz** of the Mesa County Clerk and Recorder's Office, a public servant, by means of deceit, with the intent thereby to alter or affect the public servant's decision, vote, opinion, or action concerning a matter which was to be considered or performed by the public servant or the agency or body of which the public servant was a member; in violation of section 18-8-306, C.R.S.

## COUNT 4

CONSPIRACY TO COMMIT CRIMINAL IMPERSONATION - CAUSE LIABILITY, C.R.S. 18-5-113(1)(B)(I) AND 18-2-201 (F6)

On or about April 23 – May 19, 2021, in Mesa County, State of Colorado, **Tina Peters and Belinda Knisley,** with the intent to promote or facilitate the commission of the crime of Criminal Impersonation, unlawfully and feloniously agreed with the other co-defendant named above, Sandra Brown and/or a person or persons to the Grand Jury and District Attorney unknown that one or more of them would engage in conduct which constituted that crime or an attempt to commit that crime, or agreed to aid the other person or persons in the planning or commission or attempted commission of that crime, and an overt act in pursuance of the conspiracy was committed by one or more of the conspirators; in violation of sections 18-5-113(1)(b)(I) and 18-2-201, C.R.S.

## COUNT 5

ATTEMPT TO INFLUENCE A PUBLIC SERVANT, C.R.S. 18-8-306 (F4)

On or about May 25, 2021, in Mesa County, State of Colorado, **Tina Peters**, unlawfully and feloniously attempted to influence **Danny Casias** of the Colorado Department of State/Secretary of State's Office, a public servant, by means of deceit, with the intent thereby to alter or affect the public servant's decision, vote, opinion, or action concerning a matter which was to be considered or performed by the public servant or the agency or body of which the public servant was a member; in violation of section 18-8-306, C.R.S.

## COUNT 6

CRIMINAL IMPERSONATION - CAUSE LIABILITY, C.R.S. 18-5-113(1)(B)(I) (F6)

On or about May 23 – May 27, 2021, in Mesa County, State of Colorado, **Tina Peters**, unlawfully, feloniously, and knowingly assumed a false or fictitious identity or capacity, legal or other, namely: **Gerald "Jerry" Wood**, and in such identity or capacity performed an act that, if done by the person falsely impersonated, might have subjected such person to an action or special proceeding, civil or criminal, or to liability, charge, forfeiture, or penalty; in violation of section 18-5-113(1)(b)(I), C.R.S.

## COUNT 7

CONSPIRACY TO COMMIT CRIMINAL IMPERSONATION – CAUSE LIABILITY, C.R.S. 18-5-113(1)(B)(I) AND 18-2-201 (F6)

On or about May 18 – May 27, 2021, in Mesa County, State of Colorado, **Tina Peters** with the intent to promote or facilitate the commission of the crime of Criminal Impersonation, unlawfully and feloniously agreed with Sandra Brown and/or a person or persons to the Grand Jury and District Attorney unknown that one or more of them would engage in conduct which constituted that crime or an attempt to commit that crime, or agreed to aid the other person or

persons in the planning or commission or attempted commission of that crime, and an overt act in pursuance of the conspiracy was committed by one or more of the conspirators; in violation of sections 18-5-113(1)(b)(I) and 18-2-201, C.R.S.

## COUNT 8

IDENTITY THEFT - USES INFORMATION TO OBTAIN THING OF VALUE, C.R.S. 18-5-902(1)(A) (F4)

On or about May 23 – May 25, 2021, in Mesa County, State of Colorado, **Tina Peters**, unlawfully, feloniously, and knowingly used the personal identifying information, financial identifying information, or financial device of **Gerald "Jerry" Wood** without permission or lawful authority with the intent to obtain cash, credit, property, services, or any other thing of value or to make a financial payment; in violation of section 18-5-902(1)(a), C.R.S.

## COUNT 9

FIRST DEGREE OFFICIAL MISCONDUCT, C.R.S. 18-8-404 (M2)

On or about April 23, 2021-August 15, 2021, in Mesa County, State of Colorado, **Tina Peters**, a public servant, with intent to obtain a benefit for any person or maliciously cause harm to another, unlawfully and knowingly committed an act relating to her office but constituting an unauthorized exercise of her official function and/or refrained from performing a duty imposed upon her by law and/or violated a statute or lawfully adopted rule or regulation relating to her office; in violation of section 18-8-404, C.R.S.

## COUNT 10

VIOLATION OF DUTY, C.R.S. 1-13-107(1) (M)

On or about April 23 – August 15, 2021, in Mesa County, State of Colorado, **Tina Peters**, was a public officer, election official, or other person upon whom any duty is imposed by this code who then violated, neglected, or failed to perform such duty or is guilty of corrupt conduct in the discharge of the same; in violation of section 1-13-107(1), C.R.S.

## COUNT 11

FAILURE TO COMPLY WITH REQUIREMENTS OF SECRETARY OF STATE, C.R.S. 1-13-114 (M)

On or about April 23 - August 15, 2021, in Mesa County, State of Colorado, **Tina Peters**, willfully interfered or willfully refused to comply with the rules of the Secretary of State or the Secretary of State's designated agent in carrying out of the powers and duties proscribed in section 1-1-107, C.R.S., in violation of section 1-13-114, C.R.S.

## COUNT 12

VIOLATION OF DUTY, C.R.S. 1-13-107(1) (M)

On or about August 9 – August 15, 2021, in Mesa County, State of Colorado, **Belinda Knisley**, was a public officer, election official, or other person upon whom any duty is imposed by this code who then violated, neglected, or failed to perform such duty or is guilty of corrupt conduct in the discharge of the same; in violation of section 1-13-107(1), C.R.S.

## COUNT 13

FAILURE TO COMPLY WITH REQUIREMENTS OF SECRETARY OF STATE, C.R.S. 1-13-114 (M)

On or about August 9 - August 15, 2021, in Mesa County, State of Colorado, **Belinda Knisley**, willfully interfered or willfully refused to comply with the rules of the Secretary of State or the Secretary of State's designated agent in carrying out of the powers and duties proscribed in section 1-1-107, C.R.S., in violation of section 1-13-114, C.R.S.

The essential, but non-exclusive, facts presented by the Mesa County Grand Jury in support of Counts 1-13 are as follows:

### SUMMARY OF RELEVANT FACTS

During the relevant timeframe, April-August 2021, Tina Peters was the Clerk and Recorder in Mesa County, Grand Junction, Colorado. Belinda Knisley was the Deputy Clerk and Recorder. Sandra Brown, then a key employee, was the back office Elections Manager who had access to the voting system computers and equipment.

As part of the State of Colorado's initial criminal investigation it was learned that in early August 2021, public servants with the Colorado Secretary of State's Office (SOS) became aware that a series of confidential digital images of Mesa County Dominion Voting Systems (DVS) equipment and related passwords had been published on the internet. The public dissemination of this sensitive information constituted an unauthorized data breach. The compromised sensitive data included images depicting a proprietary hard drive with unlawfully downloaded/imaged software from Mesa County's election management server's hard drive. Additionally, unique Basic Input/Basic Output (BIOS) confidential passwords necessary to conduct a "trusted build" systems upgrade were also distributed in violation of SOS rules. A "trusted build" is an in-person upgrade of election management software that supports a county's voting system. Voting system equipment operate on a "closed network." This means that voting system equipment is not connected to the internet.

The Mesa County trusted build occurred on May 25-26, 2021. Personnel associated with any trusted build in Colorado include representatives from the SOS, experts from DVS, and a few designated county elections staff personnel who are designated and undergo a background check in advance of the trusted build.

Beginning in April 2021 and in advance of the May 25-26, 2021, trusted build, Tina Peters and Belinda Knisley, either as principal actors and/or acting as complicators, devised and executed a deceptive scheme which was designed to influence public servants, breach security protocols, exceed permissible access to voting equipment, and set in motion the eventual distribution of confidential information to unauthorized people. Furthermore, these defendants, without permission or lawful authorization, also used the name and personal identifying information of Gerald "Jerry" Wood to further their criminal scheme. This unlawful use of Mr. Wood's identity by Tina Peters and Belinda Knisley also subjected Mr. Wood to various forms of liability and criminal exposure.

## APPLICABLE COLORADO ELECTION LAW AND RULES

### DEFINITIONS

Rule 1.1.43 from 8 CCR 1505-1 of the Code of Colorado Regulations defines a **"trusted build"** to mean the write-once installation disk or disks for software and firmware for which the Secretary of State has established the chain-of-custody to the building of the disks, which is then used to establish or re-establish the chain-of-custody of any component of a **voting system** that contains firmware or software. The trusted build is the origin of the chain-of-custody for any software and firmware component of the voting system.

Rule 1.1.46 from 8 CCR 1505-1 of the Code of Colorado Regulations defines a **"voting system"** as defined by section 1-1-104(50.8), C.R.S. to mean:

(a) The total combination of mechanical, electromechanical, or electronic equipment (including the software, firmware, and documentation required to program, control, and support the equipment) that is used to:

    (1) Define ballots;
    (2) Cast and count ballots;
    (3) Report or display election results; and
    (4) Maintain and produce any audit trail information.

(b) The practices and associated documentation used to:

    (1) Identify system components and versions of such components;
    (2) Test the system during its development and maintenance;
    (3) Maintain records of system errors and defects;
    (4) Determine specific system changes to be made to a system after the initial qualification of the system; and
    (5) Make available any materials to the voter (such as notices, instructions, forms or paper ballots).

(c) "Voting system" **does not** include any other component of election administration, such as voter registration applications or system, electronic pollbooks, ballot delivery and retrieval systems, signature verification and envelope sorting devices, ballot on demand printers, election night reporting and other election reporting systems, and

other components used throughout the election process that do not capture and tabulate votes.

Rule 1.1.22 from 8 CCR 1505-1 of the Code of Colorado Regulations defines, in relevant part, **"election management system"** to mean the hardware and software applications used to configure, program, and report election results from one or more voting system components, including the ballot definition and the election reporting subsystem.

Rule 1.1.25 from 8 CCR 1505-1 of the Code of Colorado Regulations defines, in relevant part, **"election management software"** to mean the software for election equipment or computers that controls election setup vote recording, vote tabulation, and reporting.

## STATUTES

In Colorado, pursuant to state statute, the Colorado Secretary of State and the secretary's office has the duty "[t]o supervise the conduct of .... Statewide ballot issue elections in this state[.]" Section 1-1-107(1)(a), C.R.S. Pursuant to section 1-1-107(2)(a), C.R.S., the Secretary of State has the power to promulgate, publish and distribute ... such rules as the secretary of state finds necessary for the proper administration and enforcement of the election laws.

Additionally, it is important to note that in Colorado a County Clerk and Recorder, in rendering decisions and interpretations under Colorado's Election Code, **shall** consult with the Secretary of State and follow rules and orders promulgated by the Secretary of State pursuant to the Election Code. Section 1-1-110(1), C.R.S.   Next, pursuant to section 1-5-616(1)(g), C.R.S., the Secretary of State shall adopt rules ... that establish minimum standards for electronic and electromagnetic voting systems regarding ... security requirements."

Furthermore, "[t]he secretary of state shall by written order" address a voting system that "does not comply with applicable standards or deviates from a certified system[.]" Section 1-5-621(4), C.R.S.

## RULES

Building on the above applicable state statutes, in the State of Colorado the SOS has promulgated and adopted rules in the Colorado Code of Regulations which are relevant to this matter. These rules apply to all election officials who have assumed the responsibility and duty of administering elections throughout the state. The applicable rules from 8 CCR 1505.1 which were in effect at the time of the charged criminal offenses are as follows:

1. Rule 11.1 - Voting Systems Access, with associated Rules 11.1.1, 11.1.2 and 11.1.3. These rules focus on the county's designated election official being responsible to securely store election setup records. Only persons with the clerk's written authorization may access the records. Furthermore, in accordance with section 24-72-305.6, C.R.S. all permanent and temporary county staff who have access to the

8

voting system or any voting or counting equipment must pass a criminal background check.

2. Rule 20.3.2 - County Security Procedures. This rule states, "The county must maintain and document uninterrupted chain-of-custody for each voting device from the installation of the trusted build to the present."

3. Rule 20.5.3(a) - Access to Secure Areas. This rule states, "Access to ...the lock... to ballot storage areas, counting room, location of adjudication, or tabulation workstations, is restricted to **employees** who have passed a criminal background check."

4. Rule 20.5.5 – Access to Secure Areas. This rule states, "Access to where election management software is used is limited to authorized election officials and watchers only."

5. Rule 20.6.1(d), (e) and (g) – Internal Controls for the Voting System. These rules state that the county may not connect or allow a connection of any voting system component to the Internet and that if any component of the voting system is equipped with Wi-Fi capability or a wireless device, the county must ensure that the wireless capability or device is disabled before use in an election. The county must also include in its security plan the name, title and date of background checks for each employee with access to any of the areas or equipment set forth in Rule 20.6.1.

6. Rule 20.19.2(a)(2) – Access Logs. The relevant aspect of this rule states that in addition to the audit logs generated by the election management system, the county must maintain access logs that record the following:

    (1) Modifications to the system's hardware, including insertion or removal of removable storage media, or changes to hardware drivers.

## CRIMINAL CONDUCT

Beginning in April 2021, the SOS commenced preparations for conducting trusted build election management software upgrades that would occur across Colorado. Mesa County's trusted build was set to begin on May 25, 2021. On April 16, 2021, Jessi Romero, the Voting Systems Manager with the SOS, responded to a request from Mesa County's election staff which sought to have members of the public onsite at the Elections Office in Mesa County during the trusted build. Mr. Romero, as a public servant and employee for the SOS, informed Mesa County's election staff that only required personnel from Dominion Voting Systems, the SOS, and the county will be permitted in the trusted build. Mr. Romero also reminded the Mesa County elections staff that, "The trusted build will be installed under camera, so for those members of the public that are interested in the process, my suggestion is to bring them in (after your install date) and allow them to watch the video." Mr. Romero informed the Grand Jury that it was the SOS' awareness that Mesa County's election staff had historically always kept their various security surveillance cameras on and operating.

On April 19, 2021, Tina Peters reached out to Mesa County's IT staff and started a dialogue that also included Belinda Knisley, amongst others. Tina Peters stated that her office had requested that members of the public be present to watch the trusted build. Ms. Peters then revealed to the county IT staff that the SOS declined this request and that only Mesa County employees could be present. Ms. Peters told a Mesa County IT employee that security cameras would not capture what was exactly being done on the computer monitors, therefore Ms. Peters wanted Mesa County IT staff present to watch the trusted build.

On April 23, 2021, Tina Peters, Belinda Knisley, and others had a discussion regarding supposed vulnerabilities to election management systems. During that meeting, Tina Peters was told it was against the law to open the machines, and there was conversation about bringing in a team who could help her.

On April 26, 2021, Jessi Romero of the SOS emailed Tina Peters and the other clerks across the state explaining that DVS' Democracy Suite 5.13 voting system update had been certified by a federally accredited Voting System Test Laboratory (VSTL) for use in Colorado. As a result of this certification, the state was preparing a trusted build. On April 30, 2021, Jessi Romero notified the state's county clerks, including Ms. Peters, what procedures needed to occur in advance of the trusted builds occurring across the state. The detailed email from the SOS notified Tina Peters and her office that no later than one week prior to Mesa County's scheduled trusted build the county must confirm who would participate on behalf of the clerk's office. The SOS further advised the county clerks, including Tina Peters, that "Only authorized state staff, county election staff and Dominion staff may be present during trusted build." Additionally, the SOS advised the clerks throughout the state that, "The onsite installation of the Trusted Build is not the time for members of the public, representatives from the local parties, or county officials other than the Clerk & Recorder to observe or ask questions about the process or any of the disinformation being pushed about the election." The SOS email dated April 30, 2021, advised, "If when we arrive onsite, or during the process there are others present (beyond Dominion and county election staff that have been authorized, and the Clerk & Recorder) in the area where the Trusted Build will take place, we will move on to the next county."

Finally, the SOS provided preparation instructions to the clerks that they should, "Backup any election projects on your voting system to removeable media before our arrival." Detailed step-by-step instructions on how a county would backup its election projects were made available to the clerks. The backup of election projects and election records does not include anyone imaging the hard drive of the county's DVS election management software. Any county's backed up "election records" and its paper record of those election records are kept separately by the county for a designated period.

On May 13, 2021, notwithstanding the SOS' admonition to the clerks across Colorado, including Ms. Peters and her key staff, which limited county representatives at the Trusted Build to "county election staff," Belinda Knisley initiated communication with Mesa County Human Resources (HR) requesting access permissions and a county email account for an "I.T. person" to support the clerk's upcoming work involving its election equipment. In a follow-up communication on the same day Ms. Knisley emailed HR about a "Temp Employee" needing security badge access and a county email address. Clerk Tina Peters was included on this e-mail. Then, on May 14, 2021, a county IT employee contacted Ms. Knisley regarding the above

10

referenced request. Initially Ms. Knisley responded by saying that the person needing the email was "not a new hire" and that the person was a "temp person for the Elections Department." Around the same timeframe, Tina Peters told the IT employee (David Underwood) that the person needing the county email was someone from the state and would need an email address like the last time someone from the state came in. Relying on the misrepresentations of Tina Peters and Belinda Knisley, Mr. Underwood, believing he was initiating temporary access for a state employee, began the process of creating a Mesa County computer network login and county email address for Mr. Wood.

On May 17, 2021, Ms. Knisley started the process of getting the security surveillance cameras within the election offices turned off. This included shutting off one or more cameras in the secured rooms where the upcoming trusted build would be conducted. A county IT employee who was assigned to handle the cameras testified that he had no memory of any prior request from the Mesa County Clerk's office to shut off any security surveillance cameras. By the end of the day on May 17, 2021, the security surveillance cameras protecting the secured elections areas were turned off and not operational from that point forward through the entire trusted build install process.

Also on May 17, 2021, Belinda Knisley told the office's front-office elections manager, Stephanie Wenholtz, that Gerald Wood was the new "Admin. Assistant" in the Clerk and Recorder's Office. Stephanie Wenholtz was then excluded from the trusted build and told that Gerald Wood would participate in her place. Relying on the misrepresentations of Belinda Knisley, Stephanie Wenholtz conducted a background check on Gerald Wood.

On May 18, 2021, Sandra Brown, the back-office elections manager, sent an email to SOS employee Jessi Romero stating that Mesa County would adhere to the procedures outlined in the SOS' April 30, 2021, email regarding the trusted build procedures and that Gerald Wood in the capacity of "Administrative Assistant" was going to be the third member of Mesa County staff to be present at the trusted build. Deputy Clerk Belinda Knisley was cc'd on this email to Mr. Romero.

Gerald "Jerry" Wood was served with a subpoena and compelled to testify before the Mesa County Grand Jury. Mr. Wood testified that Tina Peters contacted him by telephone and told him that she may need him to do some contract work that Mesa County IT either could not do or would not do. He was told that the work involved backing up Dominion voting machines. He advised that he had no familiarity with those machines and would discuss the jobs she needed him to do as they came up. Tina Peters later put Mr. Wood in touch with Belinda Knisley who obtained his name and social security number to run a background check. Ms. Knisley then directed Mr. Wood to go to Mesa County HR to obtain his access badge. Mr. Wood obtained his county access badge on Wednesday, May 19, 2021, the same day Ms. Knisley directed Mr. Underwood to help Mr. Wood login to the Mesa County computer network with the use of an assigned Yubikey. A Yubikey is a device that provides authorized users a two-factor authentication security feature for computer and network access. Mr. Wood testified that he never received a Yubikey and the Yubikey Mr. Underwood assigned to Mr. Wood has not been located. After a meeting with Ms. Peters and Ms. Knisley on May 19, 2021, Mr. Wood was required to return the access badge to Ms. Knisley before he left the elections building. Mr.

11

Wood was never hired by Mesa County in any capacity, he has never done any work for Mesa County, and he has never been employed by the state.

Mesa County records show that on Sunday, May 23, 2021, key card access badges assigned to Tina Peters, Sandra Brown, and Gerald Wood were used to access secured election offices. Security cameras were still disabled due to Belinda Knisley's prior request.

On Tuesday, May 25, 2021, the Mesa County trusted build was set to begin in the morning. DVS employee David Stahl was present and testified that Tina Peters introduced him to a man she referred to as Gerald Wood, who she said was an administrative assistant who was in training and would be involved in the elections process.

Danny Casias, an SOS employee and public servant, who was the only SOS employee to participate in the Mesa County trusted build on May 25-26, 2021, also testified that Tina Peters introduced him to a person she called Gerald Wood. Tina Peters described Gerald Wood as being an employee of the Motor Vehicle Division who was transferring over to Elections.

Mr. Wood testified that he did not go to the Mesa County Clerk and Recorder's Office in Grand Junction on Sunday, May 23, 2021, or Tuesday, May 25, 2021, and did not use the access badge that he had previously turned over to Ms. Knisley on May 19, 2021. The Grand Jury was presented with evidence which corroborated Mr. Wood's sworn testimony regarding his whereabouts on both Sunday, May 23, 2021, and Tuesday, May 25, 2021.

In early August 2021, SOS employees learned that images of the Mesa County election management systems and related passwords were on the internet. On or about August 9, 2021, the SOS issued Election Order 2021-01 which ordered Tina Peters and the Mesa County Clerk and Recorder's Office to provide access to the SOS for an inspection. The SOS also ordered the Mesa Clerk and Recorder to immediately produce to the SOS staff any documentation of written and verbal communications, including but not limited to, emails, texts, messaging programs, social media, direct messaging, voice mails, emails, and call logs by and with the Mesa County Clerk and Recorder or staff or designee regarding DVS machines or the trusted build process. Furthermore, the SOS directed the Mesa Clerk to provide communications that contain or reflect or reference any images, videos, actions, or recordings arising from or related to the trusted build installation conducted on May 25, 2021. The SOS also directed the Clerk to produce documents showing the dates of employment and job descriptions for all representatives of the Mesa County Clerk and Recorder's office who participated in the trusted build on May 25, 2021. Ms. Peters and Ms. Knisley did not comply with all of the requests or directives contained in Election Order 2021-01.

On August 10, 2021, Belinda Knisley stated in an interview that Tina Peters directed her to turn off the cameras in May 2021. Belinda Knisley also said that the Clerk's Office considered hiring Gerald Wood but had decided against hiring him.

On August 12, 2021, the SOS ordered that Mesa County was prohibited from using their elections equipment in future elections. The Order was based in part because the SOS could not confirm that the BIOS settings were not accessed after the trusted build process and could not establish confidence in the integrity or security of the Mesa elections equipment.

DANIEL P. RUBINSTEIN*
District Attorney

JANET STANSBERRY DRAKE, 27697*
Special Deputy District Attorney
ROBERT S. SHAPIRO, 26869*
Special Deputy District Attorney
Attorneys for the People
*Counsel of Record

Subscribed and sworn to before me in the Mesa County, State of Colorado, this __8th__ day of March 2022.

Notary Public

My commission expires:

April 20, 2022

HALEY GONZALEZ
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID #20184017407
My Commission Expires April 20, 2022

13

The Mesa County Grand Jury presents the within Indictment, and the same is hereby ORDERED FILED this 8th day of March, 2022.

Arrest Warrants to issue:

BOND SET AT no bond pending advisement FOR TINA PETERS

_____

BOND SET AT no bond pending advisement FOR BELINDA KNISLEY

_____

District Court Judge,
21st Judicial District and Presiding Judge for the Mesa County Grand Jury

14

THE MESA COUNTY GRAND JURY           Case No. 2021 CR 100

In Re: Tina Peters and Belinda Knisley

AS TO COUNT 1

A TRUE BILL                                              A NO TRUE BILL

▇▇▇▇▇▇▇▇▇▇▇▇▇▇                                           _____

FOREPERSON

AS TO COUNT 2

A TRUE BILL                                              A NO TRUE BILL

▇▇▇▇▇▇▇▇▇▇▇▇▇▇                                           _____

FOREPERSON

AS TO COUNT 3

A TRUE BILL                                              A NO TRUE BILL

▇▇▇▇▇▇▇▇▇▇▇▇▇▇                                           _____

FOREPERSON

AS TO COUNT 4

A TRUE BILL                                              A NO TRUE BILL

▇▇▇▇▇▇▇▇▇▇▇▇▇▇                                           _____

FOREPERSON

AS TO COUNT 5

A TRUE BILL                                             A NO TRUE BILL

███████████████

FOREPERSON


AS TO COUNT 6

A TRUE BILL                                             A NO TRUE BILL

███████████████

FOREPERSON


AS TO COUNT 7

A TRUE BILL                                             A NO TRUE BILL

███████████████

FOREPERSON


AS TO COUNT 8

A TRUE BILL                                             A NO TRUE BILL

███████████████

FOREPERSON

AS TO COUNT 9

A TRUE BILL                                    A NO TRUE BILL

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇                   _____

FOREPERSON


AS TO COUNT 10

A TRUE BILL                                    A NO TRUE BILL

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇                   _____

FOREPERSON


AS TO COUNT 11

A TRUE BILL                                    A NO TRUE BILL

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇                   _____

FOREPERSON


AS TO COUNT 12

A TRUE BILL                                    A NO TRUE BILL

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇                   _____

FOREPERSON


AS TO COUNT 13

A TRUE BILL                                    A NO TRUE BILL

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇                   _____

FOREPERSON

I, ███████████████████, the Foreperson of the Mesa County Grand Jury, do hereby swear and affirm that each and every True Bill returned in this indictment by the Mesa County Grand Jury was arrived after deliberation and with the assent and agreement to the existence of probable cause by at least nine members of the Mesa County Grand Jury. Furthermore, the Mesa County Grand Jury consents and instructs the District Attorney that this Indictment may be returned on the record in open court before the Presiding Judge with or without the foreperson being present.

███████████████████
Foreperson

Subscribed and sworn to before me in Mesa County, State of Colorado, this __8th__ day of March 2022.

_Haley Gonzalez_
Notary Public

My commission expires:

_April 20, 2022_

HALEY GONZALEZ
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID #20184017407
My Commission Expires April 20, 2022