# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.1:23-cv-03014

TINA PETERS

    Plaintiff,

v.

UNITED STATES OF AMERICA,
MERRICK B. GARLAND, Attorney General of the United States in his official capacity,
JENA GRISWOLD, Colorado Secretary of State, in her official capacity, and
DANIEL P. RUBINSTEIN, District Attorney of the Twenty-First Judicial District, in his official capacity,

    Defendants.

## PLAINTIFF'S MOTION FOR EXPEDITED PROCEEDINGS ON MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, Tina Peters, respectfully moves this Court for expedited proceedings adjudicating Plaintiff's Motion for a Preliminary Injunction, ECF. No. 8 (Nov. 27, 2023) ("Preliminary Injunction Motion"),[1] which asks this Court to enjoin Defendant Daniel Rubinstein from conducting, continuing or participating in any way in proceedings in *People v. Tina Peters,* Case No. 22Cr371 (Dist. Ct. Mesa Co.). Specifically, Peters requests the Court to issue an order:

---

[1] Counsel for Defendant Rubinstein has advised us that they oppose this motion.

1

    a. requiring Rubinstein to file a response, if any, no later than December 19, 2023;

    b. requiring Peters to file a reply to Rubinstein's response, if any, no later than December 21, 2023; and

    c. setting a hearing on the Motion for a Preliminary Injunction no later than December 22, 2023.

The grounds for the relief requested by this Motion are:

1. Trial in *People v. Peters* is scheduled to begin on February 24, 2024. Peters contends that these proceedings constitute unlawful retaliation against her (a) for exercising her freedoms of speech and of association, and her right to petition the government for the redress of grievances, rights protected by the First and Fourteenth Amendments to the U.S. Constitution, and (b) for her efforts, as Mesa County Clerk and that county's designated election official, to preserve election records in compliance with federal and state law in violation of her right to due process of law and her privileges and immunities as a citizen of the United States, protected by the Fourteenth Amendment. *See* Preliminary Injunction Motion at 13-18.

Rubinstein was served with the Summons, Complaint and Motion for Preliminary Injunctive Relief on November 28, 2023.

2. The evidence of the Defendants' retaliatory motivation and bad faith in launching *People v. Peters* is substantial. *Id.,* at 20-35. Moreover, a ruling by the trial judge has excluded any consideration of the federal constitutional issues noted above. *Id.,* at 35-37. In short, the state court has rendered itself "incapable of fairly and fully adjudicating the federal issues before it." *Kugler v. Helfant,* 421 U.S. 117, 124 (1975). As a result, subjecting Peters to trial in *People v. Peters* will inflict punishment on Peters for her constitutionally protected activity with no likelihood of her being able to raise the federal constitutional objections to those proceedings. *See United States v. P.H.E., Inc.,* 965 F.2d 848, 854 (10th Cir. 1992) ("Our immediate inquiry, therefore, is whether the First Amendment right to be free from pretextual criminal prosecutions, brought not by a desire to enforce the law, but by a desire to pressure a defendant into surrendering First Amendment rights, can be vitiated by requiring a defendant to await post-trial vindication.").

Under the unique circumstances here, where Peters is the target of state court prosecution in retaliation for her exercise of First Amendment freedoms, and the state court has ruled that she cannot assert First Amendment defenses at trial, Peters has a "right not to be tried" in state court until the Federal Court can rule on her request for injunctive relief. *Id* at 856. "The chilling effect upon the exercise of First Amendment rights may derive from the fact of the prosecution, unaffected

3

by the prospect of its success or failure." *Dumbrowski v. Pfister*, 380 U.S. 479, 486-487 (1965).

The solicitude of our law for the protection of constitutional rights is great, and its patience for their violation non-existent. Specifically, our law does not countenance an invasion of constitutional rights such as that threatened by this illicit prosecution – even if subject to future appellate review – calling it out as an irreparable injury to the citizen suffering that invasion that courts are mandated to immediately halt. *See* Preliminary Injunction Motion at 18-20.

3. This Court's adjudication of our Motion for a Preliminary Injunction plays an indispensable role in assuring that the constitutional rights of Peters will be preserved pending full resolution of this case. *Privitera v. Cal. Bd. of Med. Qual. Assur.,* 926 F.2d 890, 907-98 (9th Cir. 1991); *Lewellen v. Raff,* 843 F.2d 1103, 1109-10 (8th Cir. 1988); *Wilson v. Thompson,* 593 F.2d 1375, 1385 (5th Cir. 1979) (*en banc*); *cf. Wayte v. United States,* 470 U.S. 598, 608 (1985) ("[T]he decision to prosecute may not be 'deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification,…including the exercise of protected statutory and constitutional rights.").

But timing is critical. Trial in *People v. Peters* is scheduled to begin on February 24. Time must be allowed for the parties to be heard and for this Court's considered adjudication of the preliminary relief we seek. And, candidly, time

4

must be left for an emergency appeal to the Tenth Circuit by either party who disagrees with that adjudication. The schedule we have proposed reasonably addresses these concerns.

4. This Court indisputably has the discretion to grant the relief requested by this Motion. FED.R.CIV.P. 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." It is well-recognized in this circuit that sufficient notice "is within the district court's discretion." *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.,* 269 F.3d 1149, 1154 (10th Cir. 2001) (approving a preliminary injunction hearing held three days after the complaint was filed). D. COLO CIV. R. 7.1(d), which generally gives an opposing party 21 days to respond to a motion, expressly excludes FED.R.CIV.P. 65 from its provisions. And even when Rule 7.1(d) does apply, that response time can be completely overridden by a district court because it also provides, "Nothing in this rule precludes a judicial officer from ruling on a motion any time after it is filed." *See Chung v. El Paso Sch. Dist. #11,* 659 F. App'x 953, 958 (10th Cir. 2016) ("[A]lthough D. Colo. Civ. R. 7.1(d) gives parties 21 days to file a response, the district court may 'rul[e] on a motion at any time after it is filed.' *Id.*"). It is important to underscore that the deadline we propose for Rubinstein's response is 21 days from when he was served with the Preliminary Injunction Motion. Thus the procedural relief we seek is comfortably within this Court's discretion.

5

## Conclusion

For the foregoing reasons, the Court should issue an order providing that:

A.) any response Rubinstein wishes to make to Peter's Motion for a Preliminary Injunction must be filed no later than December 19, 2023;

B.) any reply that Peters wishes to make to Defendant's response must be filed no later than December 21, 2023; and

C.) the Court will hold a hearing on Peter's Motion for a Preliminary Injunction on December 22, 2023.

Date: December 11, 2023

Respectfully submitted,

/s/ *Robert J. Cynkar*
Robert J. Cynkar
Patrick M. McSweeney
Christopher I. Kachouroff
Lyndsey L. Bisch
Co-Counsel for Plaintiff
McSweeney, Cynkar & Kachouroff, PLLC
10506 Milkweed Drive
Great Falls, VA 22066
Telephone: (703) 621-3300
Email: rcynkar@mck-lawyers.com

John Case
John Case, P.C.
6901 South Pierce St. #340
Littleton CO 80128
Phone|303-667-7407
brief@johncaselaw.com
Co-Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I am sending this filing to the following individuals at the email addresses set out below:

For Defendant Jena Griswold:

Michael Kotlarczyk
Senior Assistant Attorney General
Mike.Kotlarczk@coag.gov

LeeAnn Morrill
First Assistant Attorney General, Public Officials Unit
LeeAnn.Morrill@coag.gov

For Defendant Daniel Rubinstein:

Todd Starr
Mesa County Attorney
Todd.starr@mesacounty.us

For Defendants United States of America and Merrick Garland:

Joann Stark
Legal Assistant/Docket Clerk – Civil Division
United States Attorney's Office, District of Colorado
Joann.Stark@usdoj.gov


                                 /s/ *Robert J. Cynkar*