## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-03014-NYW-SKC

TINA PETERS,

Plaintiff,

v.

UNITED STATES OF AMERICA, MERRICK B. GARLAND, Attorney General of the
United States in his official capacity,
JENA GRISWOLD, Colorado Secretary of State, in her official capacity, and
DANIEL P. RUBINSTEIN, District Attorney of the Twenty-First Judicial District, in his
official capacity.

Defendants.

---

## DEFENDANT DANIEL P. RUBINSTEIN'S MOTION TO DISMISS PLAINTIFF'S
## COMPLAINT [ECF NO. 1] PURSUANT TO FED. R. CIV. P. 12

---

The *Younger* abstention doctrine mandates dismissal of Plaintiff's claims to
prevent this Court from improperly intruding upon the state criminal proceedings.
Plaintiff's conclusory allegations over the course of forty-two (42) pages do not
demonstrate that the state criminal proceeding falls within any exception to *Younger*.
Essentially, Ms. Peters is attempting to coerce this Court into forcing the State of Colorado
to halt its otherwise valid criminal prosecution.  There is no legal or factual basis for this
Court to so intervene. Accordingly, the Complaint should be dismissed.

## CERTIFICATE OF CONFERRAL PURSUANT TO
## NJW UNIFORM CIV. PRACTICE STANDARD 7.1B(b)

Undersigned counsel certifies that on December 11, 2023, he telephonically
conferred with Plaintiff's counsel regarding this Rule 12 Motion and the notion of curing
the deficiencies in the Complaint via amendment.  Specifically, counsel for Mr. Rubinstein

conveyed Mr. Rubinstein's position that Plaintiff's allegations, as stated, require the Court to abstain based on the principles of the *Younger* doctrine as detailed herein.

In response, Plaintiff's counsel stated Plaintiff's position that the Complaint does not mandate abstention under the *Younger* doctrine. In addition, given the nature of the issues, an amendment would not cure the defect. Thus, after exercising best efforts, the instant Motion is necessary.  At the end of the conferral, Plaintiff's counsel indicated that Plaintiff opposes this Motion for the above-stated reasons.

## LEGAL STANDARDS

### A.   MOTION TO DISMISS STANDARD

In *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 n.32 (10th Cir. 2023), the Tenth Circuit stated:

> It is unclear in this circuit whether *Younger* abstention implicates federal courts' subject matter jurisdiction. In *D.L.*, we stated 'Younger abstention is jurisdictional.'  In *Elna Sefcovic, LLC*, on the other hand, we indicated that 'when cases present circumstances implicating [abstention] doctrines, no question is raised as to the court's subject matter jurisdiction.'  In support of this conclusion, *Elna Sefcovic LLC* cited to *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc*). As to this question, *D.A. Osguthorpe* held as follows:
>
> [T]he federal district court suggested that the *Younger* doctrine is jurisdictional. This is not precisely correct. *Younger* is a doctrine of abstention. An abstention doctrine is one "under which a District Court may decline to exercise or postpone the exercise of its jurisdiction." This differs from a case in which the district court is barred at the outset from exercising its jurisdiction. That said, we also acknowledge that once a court has properly determined that Younger abstention applies, "there is no discretion to grant injunctive relief."

*Id.* (Internal citations omitted).

Nevertheless, in practice, courts routinely interpret challenges under the *Younger* doctrine as subject to Fed. R. Civ. P. 12(b)(1).  *See D.L. v. Unified School District No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("Younger abstention is jurisdictional.")

(citation omitted). *See also Beres v. Village of Huntley, Illinois*, 824 F. Supp. 763, 766 (N.D.Ill.1992) ("a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) appears to be an appropriate method for raising the issue of abstention" (citation omitted)); *Miller Brewing Co. v. Ace U.S. Holdings, Inc.*, 391 F. Supp. 2d 735, 739 (E.D. Wis. 2005) (considering a request for abstention as a motion under Fed.R.Civ.P. 12(b)(1) because it "raises the question of whether a court should exercise subject matter jurisdiction" (citation omitted))." *Kaplan v. Archer*, Civil Action No. 11-cv-02094-PAB-CBS, 2012 U.S. Dist. LEXIS 111815, at *12-13 (D. Colo. July 3, 2012).[1]

This Court, in *Martin v. United States*, stated the Rule 12(b)(1) standard for considering a motion to dismiss. *Martin,* Civil Action No. 21-cv-02107-NYW, 2022 U.S. Dist. LEXIS 111562, at *6-8 (D. Colo. June 23, 2022). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). As such, courts "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *Wilderness Soc. v. Kane Cty.*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). The party invoking federal jurisdiction has the burden of establishing said jurisdiction. *Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

Attacks on subject matter jurisdiction may take two different forms—a facial attack or a factual attack—which implicate different analytical frameworks. The Tenth Circuit has explained that:

---

[1] Abstention is appropriate under either rule. To maximize brevity, Mr. Rubinstein provides only the standards for Fed. R. Civ. P. 12(b)(1) here, although this Motion is brought per Fed. R. Civ. P. 12(b)(6) in the alternative should the Court deem that a more appropriate vehicle.

[m]otions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may take one of two forms. First, a party may make a facial challenge to the plaintiff's allegations concerning subject matter jurisdiction, thereby questioning the sufficiency of the complaint. In addressing a facial attack, the district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. In addressing a factual attack, the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001) (quotation omitted).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). "Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (internal quotation marks and citations omitted).

**B.    THE COURT MAY CONSIDER MATERIAL OUTSIDE THE FOUR CORNERS OF THE COMPLAINT FOR PURPOSES OF RULE 12 WITHOUT CONVERTING THE MOTION TO ONE FOR SUMMARY JUDGMENT.**

In general, where a Rule 12 motion presents matters outside the pleadings and not excluded by the court, the motion is treated as one for summary judgment. Fed. R. Civ. P. 12(d). The motion is not converted to one for summary judgment, however, where the Court considers "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] . . . .'" *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36

(6th Cir. 2007) ("A court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment.") (citations omitted).

Importantly, a court may consider facts subject to judicial notice—including facts that are a matter of public record, such as documents filed in other litigation—without converting a motion to dismiss into a motion for summary judgment. *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008); *Armstrong v. JPMorgan Chase Bank Nat'l Ass'n*, 633 F. App'x 909, 911 (10th Cir. 2015).

In this case, Mr. Rubinstein attaches several pleadings and public records from applicable state courts that bear directly upon the disposition of this matter and application of the *Younger* doctrine.

## ARGUMENT

A.   THE *YOUNGER* DOCTRINE MANDATES ABSTENTION.

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C.A. § 2283.  This same statute, first enacted by Congress in 1793, was at issue in the seminal case interpreting and defining "our federalism", *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

In *Younger*, a three-judge District Court held "… it had jurisdiction and power to restrain the District Attorney from prosecuting, that the State's Criminal Syndicalism Act was void for vagueness and over breadth in violation of the First and Fourteenth Amendments, and accordingly restrained the District Attorney from 'further prosecution of the currently pending action against plaintiff Harris for alleged violation of the Act.'" *Id.* at 40, 748. On appeal, the United States Supreme Court "… concluded that the judgment

of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances". *Id.* at 41,749.

The Supreme Court recognized that, "[s]ince the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Id.* at 43, 750.   Justice Black writing for the Court elaborated:

> This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. This, perhaps for lack of a better and clearer way to describe it, is referred to by many as 'Our Federalism,' and one familiar with the profound debates that ushered our Federal Constitution into existence is bound to respect those who remain loyal to the ideals and dreams of 'Our Federalism.' The concept does not mean blind deference to 'States' Rights' any more than it means centralization of control over every important issue in our National Government and its courts. The Framers rejected both these courses. What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States. It should never be forgotten that this slogan, 'Our Federalism,' born in the early struggling days of our Union of States, occupies a highly important place in our Nation's history and its future.

*Younger*, 401 U.S. at 44–45, 91 S. Ct. at 750–51, 27 L. Ed. 2d 669.

Both the U.S. District Court for Colorado and the Tenth Circuit have applied the *Younger* doctrine under circumstances similar to those here. For example, although not in the context of a criminal proceeding, this Court recently reaffirmed "[t]he *Younger*

abstention doctrine—which is based on principles of federalism, comity, and respect for state functions—precludes federal courts from interfering with certain state court proceedings." *Lebsock 7, LLLP v. Bank of Colorado*, No. 22-CV-02589-RMR-NRN, 2023 WL 6216621, at *4 (D. Colo. Sept. 25, 2023).  Judge Rodriguez analyzed the case under the Tenth Circuit's standards set forth in *Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999):

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

*Lebsock,* 2023 WL 6216621, at *4.  *See also Morkel v. Davis*, 513 F. App'x 724, 727 (10th Cir. 2013).  When these conditions are met, the application of *Younger* is mandatory. *Weitzel v. Div. of Occupational and Prof'l Licensing of Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001) ("[T]he district court must abstain once the conditions are met, absent extraordinary circumstances." (Internal quotation marks omitted)).  The prongs of the *Younger* abstention test require dismissal here.

1.   <u>THERE IS AN ONGOING STATE CRIMINAL, CIVIL, OR ADMINISTRATIVE PROCEEDING.</u>

Ms. Peters admits that there is an on-going state criminal proceeding and she is asking this Court to intervene to halt that proceeding. Complaint at ¶120, 135, Prayer for Relief.  Such fact being admitted, the next inquiry is whether the on-going proceeding should be considered "remedial" or "coercive" with remedial cases not being afforded *Younger* deference, and coercive cases requiring *Younger* abstention. *Brown v. Day*, 555 F.3d 882, 884 (10th Cir. 2009) (relying on the First Circuit Court of Appeals' test).  A proceeding is remedial if a federal plaintiff initiated the state proceeding of her own volition

to right a wrong inflicted by the state. A proceeding is coercive if the state initiated the proceeding against her, making her participation mandatory. *See RMR Indus., Inc. v. Garfield Cty.*, No. 19-CV-01445-RBJ-GPG, 2019 U.S. Dist. LEXIS 233206, at *7 (D. Colo. Sep. 29, 2019) (citing *Brown ex rel. Brown v. Day*,  555 F.3d 882 (10th Cir. 2009)).

Here, it is undisputed that the state criminal proceeding was initiated by the state, and, because the plaintiff contends the state proceeding itself is unlawful, the action is coercive, and *Younger* abstention is appropriate.   *Id.*

2.   THE STATE COURT PROVIDES AN ADEQUATE FORUM TO HEAR THE CLAIMS RAISED IN THE FEDERAL COMPLAINT.

Plaintiff bears the burden to show that state procedural law barred presentation of the claims she raises in her federal lawsuit. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987). Here, Ms. Peters has made no attempt to satisfy this burden because she cannot.  The Complaint is devoid of any allegation as to why or how the state court does not provide an adequate forum to redress her allegations.  Rather, Plaintiff's allegations before this court are belied as red-herrings by Plaintiff's own filing in the state criminal case where Plaintiff included the following statement:

> **Defendant has not endorsed (and does not intend to endorse) the choice-of-evils defense** or otherwise invoke C.R.S. § 18-1-702(1).

Ex. A, Defendant's Response to People's Request for Court Action on Previously Filed Motion  at ¶ 4.  (emphasis added).

Plaintiff and her criminal counsel made the tactical decision not to endorse the "choice of evils" defense in the state court.  *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019).  "[T]he federal court should not exert jurisdiction if the plaintiffs "had an *opportunity*

to present their federal claims in the state proceedings." *Moore v. Sims*, 442 U.S. 415, 425, 99 S. Ct. 2371, 2378, 60 L. Ed. 2d 994 (1979) (Citations omitted).

Accordingly, Plaintiff was/is not barred from presenting the defenses as she alleges, and, importantly, she has admitted that, despite an opportunity to do so, she does not intend to rely upon those defenses in her state criminal trial.[2]  Therefore, Plaintiff has (or had) an adequate state forum to address the claims she is now attempting to bring in federal court.  The second element of *Younger* abstention is satisfied.

3.    THE STATE PROCEEDINGS INVOLVE IMPORTANT STATE INTERESTS.

"For the purposes of *Younger*, state criminal proceedings are viewed as a traditional area of state concern." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citations omitted); *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) (recognizing that "state control over criminal justice" is "a lynchpin in the unique balance of interests" of federalism; *see also Buck v. Myers*, No. 06-4236, 244 Fed. Appx. 193, 197 (10th Cir. July 10, 2007) (state has an important interest in its criminal proceedings).  Accordingly, the third *Younger* abstention element is satisfied.

Moreover, at least the following general state interests are present here: Ms. Peters ran the Mesa County elections office, she tampered with Mesa County leased election equipment and interfered with a Mesa County contract, Mesa County employees are named as victims in the criminal proceeding, she removed confidential information

---

[2]The gravamen of Ms. Peters' Complaint focuses on her concerns about what might happen in her criminal trial.  As such, it appears that Ms. Peters is either raising claims that are not yet ripe, or impermissibly seeking an advisory opinion from this Court instructing the state court on how to conduct its trial. *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495 (10th Cir. 1995) (ripeness is peculiarly a question of timing intended to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements).

and gave it to third parties, Ms. Peters was an elected Mesa County official, and most importantly, her alleged malfeasance relates directly to a state election process that Mesa County coordinates with the Colorado Secretary of State.   Indeed, her conduct was specifically designated and carried out to unlawfully circumvent and interfere with state and local election rules and procedures.

Because all of the elements of *Younger* abstention are present and satisfied, the Court should exercise its discretion, abstain from proceeding on this matter and dismiss the Complaint without prejudice.

## B.   PLAINTIFF HAS NOT DEMONSTRATED THAT ANY OF THE EXCEPTIONS TO *YOUNGER* ABSTENTION APPLY.

Generally, there are three exceptions to mandatory *Younger* abstention: (1) if the state proceeding is motivated by a desire to harass or is conducted in bad faith; (2) if the challenged statute is flagrantly violative of express constitutional prohibitions in every clause and paragraph thereof; or (3) if extraordinary circumstances exist.  See *Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996).  There is no statute at issue here, so the only potential exceptions are a prosecution brought for purposes of harassment or the catch-all "extraordinary" circumstances.  Neither exist in this case.

The Tenth Circuit has recognized that Plaintiff has, "...a heavy burden of proof in order to overcome the bar of *Younger* abstention."  *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir. 1995) (citations omitted).  Thus, in *Perez v. Ledesma,* a companion case to *Younger,* the Supreme Court explained that federal courts should limit intervention to 'cases of *proven* harassment or prosecutions undertaken by state officials without hope of obtaining a valid conviction'"  *Id.*

On this point, the Tenth Circuit further instructed:

> Three factors that courts have considered in determining whether a prosecution is commenced in bad faith or to harass are: (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 59 F.3d at 1065 (internal citations omitted).

Here, the grand jury returned a multiple count indictment against Plaintiff.  *See* Ex. B.  Additionally, at Plaintiff's request, State District Court Judge Matthew Barrett entered his "Order RE: Defendant's Motion for Probable Cause Review" on June 3, 2022 wherein he stated, "I conclude that probable cause was properly established to support each of the charges."  *See* Ex. C.[3] Thus, Judge Barrett's Order establishes that the prosecution of which Plaintiff complains is neither baseless nor brought without hope of success.[4] *See Wrenn v. Pruitt*, No. CIV-21-00059-JD, 2021 WL 1845968, at *4 (W.D. Okla. May 7, 2021) (Plaintiff is unable to show that the prosecution was "undertaken with no reasonably objective hope of success" given that the state court made a finding of probable cause.)

---

[3] To the extent Ms. Peters is using this litigation to challenge the ruling of the state court finding probable cause, which finding in turn defeats any allegation of baseless prosecution, such a challenge is prohibited by the *Rooker-Feldman* doctrine, which "precludes a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *See Kenman Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002) (The *Rooker-Feldman* doctrine, which does not distinguish between temporary and final orders, prohibits lower federal courts from considering claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment) (citation omitted).

[4] And, it should be noted, Ms. Peters had and took the opportunity to raise this issue in the state court demonstrating that she had an adequate state remedy.

Similarly, Plaintiff's conclusory allegations fail to demonstrate that the state prosecution was brought for improper purposes, including discrimination based on membership in a suspect class or for retaliation.  *Phelps*, 59 F.3d at 1065 (factor two). Plaintiff does not contend that she is a member of a suspect class.  Instead, the Complaint focuses on her alleged exercise of constitutional rights and retaliation based thereon.

However, Plaintiff raised the issue of her constitutional rights in the state court and the court found that she had <u>not</u> exercised her rights:

> Defendant claims she engaged in her conduct so that she could expose issues with the election equipment. Other than a conversation on an unknown date with an unidentified employee of Dominion, she fails to note, however, *any* alternative action she took to avoid violating the law.  With weeks of notice, Defendant does not allege she attempted to discuss her concerns with the Secretary of State. She does not allege she went to local law enforcement with her concerns. She does not allege she went to state law enforcement with her concerns. She does not allege she went to federal law enforcement with her concerns. She does not allege she filed a civil lawsuit seeking to stop the trusted build. She also does not allege she attempted to stop the trusted build from taking place altogether by refusing to allow it to occur.

Ex. D, [Order Re: Motions to Quash SDTS, Mesa County District Court, Case No. 22CR 371, June 5, 2022. (State Court Exhibit 20)].  Thus, there is no basis for this Court to conclude that the prosecution is being brought in retaliation of Ms. Peters' exercise of her rights because, as the court found, she herself chose not to exercise them in the first place.  In other words, the prosecution cannot be in retaliation of the exercise of rights that never occurred.

Finally, there are no fact-based, non-conclusory allegations in the Complaint upon which this Court could conclude that the prosecution was brought for purposes of harassment.  Generally, a state court criminal proceeding is considered to be motivated by a desire to harass only when it has been initiated or conducted primarily to cause

annoyance or distress to the individual involved.  *Hashakimana v. Office of Recovery Servs.*, No. 222CV00010JNPCMR, 2023 WL 2696836, at *1 (D. Utah Jan. 13, 2023), *report and recommendation adopted*, No. 222CV00010JNPCMR, 2023 WL 2696555 (D. Utah Mar. 29, 2023); *P. Edward A. By & Through Nolan v. Williams*, 696 F. Supp. 1432 (D. Utah 1988).

Here, the Complaint contains several conclusory allegations of bad faith but an examination of each illustrates that they do not individually or collectively rise to the level of an exception to *Younger* abstention.  For example, in Paragraph 119 (and in similar fashion, para. 122) of the Complaint, Plaintiff alleges that "Rubinstein submitted applications to magistrates for search warrants and arrest warrants and asked the Mesa County grand jury to indict Peters without advising the grand jury that the deletion of election records of the 2020 presidential election ordered by Griswold as a result of the installation of the Trusted Build upgrade violated federal and Colorado law, or that Peters and the other individuals charged had a legal obligation to preserve the election record that Griswold had directed them to delete."  Even assuming this conclusory statement is true, and it is not, Plaintiff has the opportunity to present this defense in the state court but she has elected not to do so[5].  By way of further example, in Paragraph 121, Plaintiff concludes that "none of the counts has a reasonable prospect of justifying a conviction." As detailed above, the grand jury issued an indictment and the state court has made a probable cause determination that there is a likelihood of success on the merits. *See* discussion of Judge Barrett's Order, *supra.*

---

[5] See discussion, *supra*, re: Ex. B, Defendant's Response to People's Request for Court Action on Previously Filed Motion, at ¶ 4. ("Defendant has not endorsed and does not intend to endorse the choice-of-evils defense or otherwise invoke C.R.S. § 18-1-702(1))."

Similarly, Plaintiff makes allegations regarding conduct unrelated to her.   For example, in Paragraph 125 of the Complaint, Plaintiff contends misconduct by an investigator in obtaining an arrest warrant for Sandra Brown.   Even if this allegation had merit, and it does not, Sandra Brown, not Ms. Peters, is the aggrieved party.   These facts are subject to cross-examination in the criminal trial and, therefore, Plaintiff has remedies in state court for any such perceived misconduct.

Without belaboring the point, the allegations of bad faith are conclusory and do not demonstrate that Ms. Peters is the subject of prosecutorial abuse.   "According to our decision in *Phelps I,* on which the district court in this case relies, it is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (quoting *Phelps,* 59 F.3d at 1066). Here, Plaintiff has offered the court no more than conclusory allegations which, at best, are not supported by specifics and at worst, are misrepresentations.

## CONCLUSION

Ms. Peters is attempting to use the federal court as an end-run around the state criminal court because her efforts to forestall her trial in that forum have failed.   As detailed herein, the state criminal proceeding has been, and is being, conducted in a manner that affords Ms. Peters a constitutionally sufficient method to defend against the criminal charges.   There is no justification for this Court to interfere with those proceedings at this time.

WHEREFORE Defendant Daniel Rubinstein respectfully requests that the Court abstain from proceeding in this matter, dismiss the Complaint without prejudice, and grant such other and further relief as the Court deems proper.

Dated:  December 13, 2023

Respectfully Submitted,

 */s/  Todd M. Starr*
Todd M. Starr, Atty Reg. #27641
Mesa County Attorney
Dept 5004, P.O. Box 20,000
Grand Junction, CO  81502
Telephone: (970) 244-1612
Email: todd.starr@mesacounty.us

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2023, I served the foregoing pleading on the Clerk of the Court for filing and uploading to the CM/ECF system and electronic distribution to all counsel and parties of record.  I am also sending notification of this filing to the following individuals at the email addresses set forth below:

For Defendant Jena Griswold:
Michael Kotlarczyk                          Lee Ann Morrill
Senior Assistant Attorney General          First Assistant Attorney General
Mike.kotlarczyk@coag.gov                   LeeAnn.Morrill@coag.gov

For Defendants United States of America and Merrick Garland:
Joann Stark
Legal Assistant/Docket Clerk – Civil Division
United States Attorney's Office, District of Colorado
Joann.Stark@usdoj.gov

For Plaintiff Tina Peters:
Robert J. Cynkar                           John M. Case
McSweeney  Cynkar & Kachouroff PLLC        John Case, P.C.
10506 Milkweed Drive                       6901 South Pierce Street, #340
Great Falls, VA  22066                     Littleton, CO  80128
rcynkar@mck-lawyers.com                    brief@johncaselaw.com


        /s/  Todd M. Starr