Ex. C
Defendant Rubinstein's Motion to Dismiss

| ☒ District Court ☐ Juvenile Court<br>Mesa County, Colorado<br>Court Address: 125 N. Spruce Street<br>Grand Junction, CO 81506 | |
|---|---|
| PEOPLE OF THE STATE OF COLORADO,<br><br>v.<br><br>TINA PETERS, Defendant | DATE FILED: June 3, 2022 2:11 PM<br>CASE NUMBER: 2022CR371<br><br>▲　　　　　　　▲<br>COURT USE ONLY |
| | Case Number: 22 CR 371<br><br>Division 9 Courtroom Barrett |
| **AMENDED ORDER RE: DEFENDANT'S MOTION FOR PROBABLE CAUSE REVIEW** | |

Before me is a motion from Defendant seeking a probable cause review of the grand jury proceedings and indictment.

Having considered the grand jury proceedings, indictment, exhibits, as well as the applicable law, I issue the following the order:

## Background

The allegations in this case involve Defendant Attempting to Influence Public Servants, Conspiracy to Commit Criminal Impersonation, Criminal Impersonation, Identity Theft, Official Misconduct in the First Degree, Violation of a Duty, and Failure to Comply with the Requirements of Secretary of State.

A grand jury was convened to investigate the allegations and to determine what charges should be filed. The grand jury was convened over the course of 5 days. Numerous witnesses were called to testify and approximately 60 exhibits were admitted.

The indictment was handed down on March 8, 2022.

## Applicable Law

C.R.S. 16-5-204(4)(k) provides that this Court is to review the grand jury proceedings to determine if there record support for the grand jury's probable cause findings. The court's role in reviewing the grand jury's determination under the statute is like its role at a preliminary hearing. People v. Summers, 197 Colo. 445, 447, 593 P.2d 969, 970 (1979).

Accordingly, I must draw all inferences in favor of the prosecution and any conflict in the testimony presents a question of fact for resolution at trial. Id. The evidence must be viewed in the light most favorable to the prosecution and evidence sufficient to support a conviction is not necessary. People v. Luttrell, 636 P.2d 712, 714 (Colo. 1981).

To establish probable cause, the prosecution need only present evidence sufficient to induce a person of ordinary prudence and caution to entertain a reasonable belief that the defendant committed the crime(s) charged. People v. Dist. Court of Colorado's Seventeenth Judicial Dist., 803 P.2d 193, 196 (Colo. 1990). The broad language of the statute requires the court to consider whether probable cause is lacking for any count of the indictment, even those that don't charge substantive offenses (i.e., sentence enhancers). People v. Soto-Campos, 2018 COA 118, ¶¶ 14-17, 436 P.3d 566, 568-69, cert. denied, No. 18SC615, 2019.

**Findings**

The evidence and testimony from the grand jury proceedings established that Tina Peters is the Clerk and Recorder for Mesa County and Belinda Knisley is the Deputy Clerk. Peters was elected to her position in November 2018 for a four-year term. Both Peters and Knisley took an oath of office for their respective positions in 2019. Their roles at the Clerk and Recorder's Office ("Office") require them, in part, to manage and oversee elections in Mesa County.

The Secretary of State is Jena Griswold. Her duties, in part, include overseeing elections and enforcing elections. She and her office work with the various Clerks and Recorders to ensure elections are run properly and in accordance with applicable law. Her deputy is Chris Beall. Among other employees, she also employs Jessi Romero and Danny Casias.

Colorado predominantly uses Dominion Voting equipment for the tabulation of election votes. Through contract, Dominion equipment is used in Mesa County. The equipment needs to be updated from time to time, through a process known as a trusted build. These updates must occur in person as the voting machines are not tied to the internet. A trusted build update was scheduled to occur in Mesa County on May 25th – 26th, 2021.

In mid to late April 2021, Peters and members of the Office (some at Peters' behest) attended a presentation by a person named Dr. Frank at the Doubletree Hotel in Grand Junction. Dr. Frank presented his theories as to how election data can be manipulated. Peters suggested Dr. Frank attend the upcoming trusted build. It doesn't appear that he did.

Casias was present at the trusted build. Casias is a public servant. Prior to the build, and on April 30th, 2021, Romero had informed Peters that only authorized county elections staff and Dominion staff could be present at the trusted build. All individuals present for the trusted build also had to undergo a background check through CBI. These rules, in part, were requirements of the Secretary of State.

On May 13, 2021, Knisley asked for county credentials for Gerald Wood, an individual she described as an IT person. She asked that a security badge be created for him that was identical to another employee's access credentials, Sandra Brown. Brown's credentials allowed her to access all parts of the elections area, which not all employees could enter. The person creating the badge was informed Wood was going to assist with elections.

On or about May 17, 2021, Knisley asked Stephanie Wenholz, a public servant, to perform the background check for Wood. Wenholz was also told that the reason for the background check was because Wood would be a new hire as an administrative assistant.

Peters was copied on some of these communications involving Wood, and she also sought to get him set up as an employee through IT. She communicated with David Underwood, an IT employee, and told Underwood that Wood was from the "state." As part of the creation of the position for Wood, a photo of him was taken by HR. He was given a special key that allowed him to access Mesa County computers. Wood was never actually hired as an employee, however. The special key was never returned. Underwood relied on Peters' representations when he set up Wood as a county employee. Underwood is a public servant.

On May 17, 2021, Knisley sent an email to IT staff to shut off the cameras that monitor the voting equipment. These cameras had been on, continuously, for an extended period. She did so at the direction of Peters. The employee who received the request had never before been asked to turn off the cameras. He had been working for the county for several years.

On that same date, Knisley asked to have a CBI background check completed for Wood. However, Wood was not personally present for the background check. Rather, Knisley handed a form to the person who would do the check. This was unusual.

The next day, an email was sent from the Office indicating that Peters, Wood, and Sandra Brown would be present for the trusted build. The email was sent to the Secretary of State's Office, and specifically Romero. The email noted the procedures set forth by the Secretary of State would be followed. Knisley was copied on the email, and it was sent by Brown.

During the evening of Sunday, May 23, 2021, Wood's county issued key card was used to gain access to the elections area of the Office. The cards for Brown and Peters were also used that evening.

On the first day of the trusted build, Wood was introduced to Casias and a representative of Dominion as an employee who was in the process of transferring to elections. Peters was the one who told Casias, a public servant, this information.

The evening after the first day of the trusted build there was unusual key card activity in the elections area of the Office, to include activity from the card issued to Wood.

The day after the trusted build was completed a package was mailed on behalf of Peters to a man named Conan Hayes. He lives in California.

It was later learned that on that date the Dominion Voting machine's hard drive had been copied. At some point, information from the voting machine was published to the internet. Also posted to the internet were sensitive passwords for the Dominion Voting machine. Someone present at the trusted build recorded a portion of the trusted build process, and then posted the video of the recording to the internet. The passwords can be seen in the video.

Gerald Wood testified at the grand jury proceeding. He stated he provided the information in the background check, met with HR, got a security badge, and met with Knisley and Peters. At the end of their meeting, Knisley told him to provide his badge to her and that she would be in touch regarding his services. That was the last time he ever went into the Office. He didn't see her again for some two months. He later learned that his identity was used, without his consent, for someone else to access areas of the Office.

The identity of the person who posed as Wood has not been ascertained.

On August 9, 2021, law enforcement learned of a data breach for Mesa County computers, which breach included the password for the computers being posted on the internet. A few days prior to this, Peters sent an email to a constituent suggesting she knew of the leak, and there was "more to come." Peters would later discount to law enforcement that such a leak could occur.

On August 10, 2021, Peters left Colorado to attend an event organized by Mike Lindell. She left on a private plane provided by Lindell. The event occurred in South Dakota.

Peters was sent an email from the Secretary of State's Office regarding an order it had issued (order 22-01). She responded by saying the order couldn't be complied with

since no one was at the Office. This wasn't true as Knisley was present at the Office. Ultimately, the order was not complied with and the data breach led to the decommissioning of the involved Dominion equipment.

**Application**

Considering the foregoing, I conclude that probable cause was properly established to support each of the charges.

Based on the testimony and evidence presented, and when viewed in the light most favorable to the prosecution, Peters and Knisley deceived multiple public servants and in doing so impacted the decisions of the public servants. This is the case for Underwood (him creating credentials for Wood, even though Wood was never going to be an employee), Romero and Casias (misrepresenting Wood's identity and role and thereby secreting the unknown person into the trusted build, which Romero and Casias would have never authorized), and Wenholz (by Knisley being deceitful to Wenholz regarding the need for the background check).

Additionally, the testimony and evidence established that Peters and Knisley, as conspirators, principals, and/or complicitors, worked in concert to engage in the crime of criminal impersonation. Specifically, they used Wood's identity to allow an unauthorized individual to attend the trusted build, and Peters allowed the badge made for Wood to be used to access secure areas of the Office. Peters also conspired with Sandra Brown to facilitate the criminal impersonation. Based on the acts of Peters and Knisley using Wood's identity, Wood might have been subjected to criminal liability.

Moreover, Peters' use of Wood's personal identifying information allowed Peters to secret another person into the trusted build. That person used Wood's confidential information, and his personal identifying information, to obtain a thing of value, to wit: information regarding the trusted build to include but not be limited to the passwords that were later uploaded to the internet. Peters was complicit in allowing this to occur.

Finally, the acts and/or omissions of Knisley and Peters, as public officials, constituted the crimes of violation of a duty, failure to comply with the requirements of the Secretary of State; and also for Peters, first degree official misconduct. The record supports a finding of probable cause for these allegations.

Dated this 3rd day of June, 2022.

_____
MATTHEW D. BARRETT
DISTRICT COURT JUDGE