EXHIBIT 20, Page 1

Exhibit D
Defendant Rubinstein's Motion to Dismiss

| ☒ District Court ☐ Juvenile Court<br>Mesa County, Colorado<br>Court Address: 125 N. Spruce Street<br>Grand Junction, CO 81506 | |
|---|---|
| PEOPLE OF THE STATE OF COLORADO,<br><br>v.<br><br>TINA PETERS, Defendant | DATE FILED: June 5, 2022<br>CASE NUMBER: 2022CR371<br><br>▲  ▲<br>**COURT USE ONLY** |
| | Case Number: 22 CR 371<br><br>Division 9  Courtroom Barrett |
| **ORDER RE: MOTIONS TO QUASH SDTS** | |

Before me are motions to quash various *subpoenas duces tecum* ("SDT"). The motions were filed by the People, the Colorado Attorney General, and the Secretary of State (collectively the "People"). The SDTs were issued by Defendant. I have reviewed the motions, the response, the SDTs, and the file. After considering the foregoing, as well as the exhibits provided, I issue the following Order:

*Background*

Defendant is charged with several crimes involving Attempting to Influence Public Servants, Identity Theft, Criminal Impersonation, Conspiracy to Commit Criminal Impersonation, Official Misconduct, Failure to Comply with Requirements of the Secretary of State, and Violation of a Duty.

The allegations in this case span a period beginning in or about April 2021 and into August 2021. Defendant is the Clerk and Recorder for Mesa County and oversees elections for Mesa County. Defendant is alleged to have secreted an unknown person into a trusted build, which is a process in which elections equipment is updated. In order to accomplish this, Defendant used the identifying information for someone else so the other person could attend the trusted build without being identified. Defendant and others misrepresented the identity of the other person to several public servants.

Defendant knew when the trusted build was going to be conducted and had several weeks' notice for the same. She also knew she could stop the trusted build from occurring altogether.

It was later discovered that sensitive information from the trusted build was published to the internet. It was also discovered that data from Mesa County election equipment had been copied and published to the internet.

On or about May 5, 2022, Defendant issued several SDTs. The entities served are: the Colorado Attorney General and the Colorado Secretary of State. The SDTs request generally identical documents/records, to wit: external hard drives, two scanning computers, and/or the adjudication computer, as produced to the District Court, Elbert County. The records relate to Elbert County election equipment.

The People move to quash the SDTs arguing the information sought in the SDTs is not relevant to this case, is protected by law, and could not be used to assist Defendant in her potential assertion of a Choice of Evils defense.

*Applicable Law*

"There is no general constitutional right to discovery in a criminal case[.]" Weatherford v. Bursey, 429 U.S. 545, 559, 97 S. Ct. 837, 846, 51 L. Ed. 2d 30 (1977). "Both [the Colorado Supreme Court] and the United States Supreme Court have emphasized that their respective rules permit subpoenas only for the production of 'evidence'-not as an investigative tool." People v. Baltazar, 241 P.3d 941, 944 (Colo. 2010).

Criminal *subpoenas* are governed by Crim. P. 17. Documents requested pursuant to a *subpoena* issued under Crim. P. 17 should only be disclosed when:

(1) A reasonable likelihood that the subpoenaed materials exist, by setting forth a specific factual basis;

(2) That the materials are evidentiary and relevant;

(3) That the materials are not otherwise procurable reasonably in advance of trial by the exercise of due diligence;

(4) That the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

(5) That the application is made in good faith and is not intended as a general fishing expedition.

People v. Spykstra, 234 P.3d 662, 669 (Colo. 2010)

A court "may quash or modify the subpoena if compliance would be unreasonable or oppressive." Crim. P. 17(c). "[W]here a subpoena is issued for materials potentially protected by a privilege or a right of confidentiality, the defendant must make a greater showing of need and, in fact, might not gain access to otherwise material information

**2 |** P a g e

depending on the nature of the interest against disclosure." People v. Battigalli-Ansell, 492 P.3d 376, 389–90 (Colo. App. 2021) (citations and quotations omitted). Crim. P. 17 does not create a broad right to discovery as is the case in civil cases, and it is not a tool for discovery. Spykstra, 234 P.3d at 669.

*Findings and Order*

I first find the requested materials exist. The requested materials are likely in the possession of the Secretary of State. The records are also not reasonably procurable from any other source.

I do not find, however, the requested materials are evidentiary or relevant. The allegations in this case span the course of a handful of months in 2021. All the acts occurred in Mesa County. The events here have nothing to do with Elbert County election equipment. What happened in Elbert County, on a different date, with different actors, is not relevant to this action. There is no indication Defendant was thinking about Elbert County election equipment when the alleged conduct in this case took place.

Moreover, the issue of election equipment is collateral. The jury will not be asked to address any questions regarding the functioning of election equipment. The issues in this case are whether Defendant attempted to deceive public servants, engaged in criminal impersonation, and the like. As such, any report regarding the verity of the election equipment made by her experts, or any counter expert, is entirely irrelevant. These reports make no issue of material fact in this case more or less likely. This criminal case is not the forum for these matters.

Defendant also does not know what is in the Elbert County election records. As such, her want to inspect the same constitutes a fishing expedition. The information in those records is just as likely to help her arguments as it is to hurt her arguments.

To the extent Defendant claims she needs this information to bolster a "choice of evils" defense I am not persuaded.

"Choice of evils is a statutory defense and is only applicable when the alleged crimes were necessary as an emergency measure to avoid an imminent public or private injury that was about to occur by reason of a situation occasioned or developed through no conduct of the actor and which is of sufficient gravity to outweigh the criminal conduct." People v. Al-Yousif, 206 P.3d 824, 831 (Colo. App. 2006), as modified on denial of reh'g (Dec. 28, 2006). In order to be entitled to this defense, a "defendant must show that his or her conduct was necessitated by a specific and imminent threat of injury to his or her person under circumstances that left the defendant no reasonable and viable alternative other than to violate the law of which the defendant stands charged." Id.

3 | Page

"[I]f a reasonable legal alternative was available to defendant[] as a means to avoid the threatened injury, [she] properly may be foreclosed from asserting a choice of evils defense." People v. Brandyberry, 812 P.2d 674, 679 (Colo. App. 1990)

Defendant claims she engaged in her conduct so that she could expose issues with the election equipment. Other than a conversation on an unknown date with an unidentified employee of Dominion, she fails to note, however, *any* alternative action she took to avoid violating the law.

With weeks of notice, Defendant does not allege she attempted to discuss her concerns with the Secretary of State. She does not allege she went to local law enforcement with her concerns. She does not allege she went to state law enforcement with her concerns. She does not allege she went to federal law enforcement with her concerns. She does not allege she filed a civil lawsuit seeking to stop the trusted build. She also does not allege she attempted to stop the trusted build from taking place altogether by refusing to allow it to occur.

An imminent threat of injury that necessitates a defendant to violate the law is not one that is seen coming weeks in advance.

The record before me reflects that Defendant did not engage in any alternative action to avoid committing the alleged criminal conduct. Defendant has failed to show she would be entitled to a choice of evils defense. As such, the records she seeks are irrelevant.

The argument of needing these records to support a claim of bias against the Secretary of State is also misplaced. The records sought would not be admissible as impeachment evidence, in any event. C.R.E. 608.

Finally, many of the records, as noted in the joinder to the motion to quash, would likely be protected from disclosure, and therefore confidential. No showing of need has been made under the heightened standard.

Accordingly, the motions to quash are **GRANTED**.

**IT IS SO ORDERED** this 5th day of June, 2022.

                                          MATTHEW D. BARRETT
                                          DISTRICT COURT JUDGE