IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-03014-NYW-SKC

TINA PETERS,

Plaintiff,

v.

UNITED STATES OF AMERICA, MERRICK B. GARLAND, Attorney General of the United States in his official capacity,
JENA GRISWOLD, Colorado Secretary of State, in her official capacity, and
DANIEL P. RUBINSTEIN, District Attorney of the Twenty-First Judicial District, in his official capacity.

Defendants.

## DEFENDANT DANIEL P. RUBINSTEIN'S MOTION TO STAY BRIEFING AND SCHEDULING OF HEARING ON MOTION FOR PRELIMINARY INJUNCTION

Defendant Daniel P. Rubinstein, District Attorney of the Twenty-First Judicial District, in his official capacity, ("Mr. Rubinstein") submits this Motion to Stay Briefing and Scheduling of Hearing on Plaintiff Tina Peters' ("Ms. Peters") Motion for Preliminary Injunction. The Court should grant this Motion to Stay because, under the circumstances, the interests of fairness, equity, justice, and economy all weigh in favor of a stay.

### Conferral Statement

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel has personally conferred with Plaintiff's counsel regarding the relief sought herein. This Motion is opposed. This is Mr. Rubinstein's first request for a stay.

### Procedural Posture

1. The Mesa County Grand Jury indicted Ms. Peters on March 8, 2022, on three counts of attempting to influence a public servant pursuant to Colo. Rev. Stat. Ann. § 18-8-306, two counts of conspiracy to commit criminal impersonation pursuant to Colo.

1

Rev. Stat. Ann. § 18-5-113(1)(B)(I) and 18-2-201, criminal impersonation – cause liability pursuant to Colo. Rev. Stat. Ann. § 18-5-113(1)(B)(I), identity theft –uses information to obtain thing of value pursuant to Colo. Rev. Stat. Ann. § 18-5-902(1), first degree official misconduct pursuant to Colo. Rev. Stat. Ann. § 18-8-404, violation of duty pursuant to Colo. Rev. Stat. Ann. § 1-13-107(1), and failure to comply with requirements of secretary of state pursuant to Colo. Rev. Stat. Ann. 1-13-114.  [ECF No. 1-28, Ms. Peters' Indictment]; *see also People of the State of Colo. v. Peters*, 2022CR000371.

2. The trial in Ms. Peters' case is currently set for February 9, 2024, following multiple continuances.

3. On November 27, 2023, Ms. Peters filed a Motion for Preliminary Injunction. [*See* ECF No. 8.]  Ms. Peters seeks to gain preliminary and injunctive relief prohibiting her criminal case from moving forward.  [*See* ECF. No. 1, Prayer for Relief.]

4. On December 11, 2023, Ms. Peters filed a Motion to Expedite Proceedings on Motion for Preliminary Injunction requesting the Court to require a response to her motion by December 19, 2023, a reply by December 21, and a hearing on December 22. [ECF No. 20.] Contemporaneously herewith, Mr. Rubinstein filed an Opposition to the relief sought in that Motion to Expedite per the Court's Order.

## **Motion to Stay**

5. Mr. Rubinstein requests that the Court stay the briefing and scheduling of a hearing on Ms. Peters' Motion for Preliminary Injunction until after the Court's resolution of Mr. Rubinstein's Motion to Dismiss.

6. Courts have inherent power to stay proceedings and to manage their dockets.  *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  They may exercise

2

their authority for the purpose of economy of time, expense and effort for itself, for counsel, and for litigants. *Id.*; *see also*, *Baca v. Berry*, 806 F.3d 1262, 1266 (10th Cir. 2015); *Simental v. State Auto. Mut. Ins. Co.*, Civil No. 21-cv-01725-CMA-NYW, 2021 U.S. Dist. LEXIS 206622, at *10 (D. Colo. Aug. 18, 2021).

7. In considering whether to grant a stay, courts always consider potential prejudice to parties and the court, as well as, promotion of judicial and procedural economy. *See*, *e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Mehaffey v. Navient Sols., LLC*, Civil No. 19-cv-00197-REB-NRN, 2020 U.S. Dist. LEXIS 163708, at *4 (D. Colo. Feb. 13, 2020); *String Cheese Incident, Ltd. Liab. Co. v. Stylus Shows, Inc.*, Civil No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *5 (D. Colo. Mar. 30, 2006).

8. Good cause exists to grant the present Motion because, under the circumstances, the interests of fairness, equity, justice, and economy all weigh in favor of the Stay.

9. Contemporaneous with this Motion, Mr. Rubinstein filed a Motion to Dismiss pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) asserting that this litigation constitutes an impermissible attempt to subvert the Colorado criminal justice system from duly playing out in Ms. Peters' criminal case.

10. As explained in that motion, the *Younger* abstention doctrine requires federal courts to abstain from exercising jurisdiction when there are ongoing state proceedings, the state court offers an adequate forum to hear plaintiff's claims from the federal lawsuit, the state proceeding involves important state interests, and there are no overriding extraordinary circumstances. *Morkel v. Davis*, 513 F. App'x 724, 727 (10th Cir.

3

2013); *Weitzel v. Div. of Occupational and Prof'l Licensing of Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001); *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1165 (10th Cir. 1999) (to overcome the mandate of *Younger* abstention via extraordinary circumstances, a plaintiff bears a heavy burden requiring setting forth more than mere allegations of bad faith or harassment).

11. Because the *Younger* doctrine applies under the circumstances of this case, the Court is required to abstain from exercising jurisdiction, including issuing an injunction or any other similar relief. *See D.L. v. Unified School District*, No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004) (a court has no power to decide an issue if it lacks jurisdiction); *Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir. 2003) ("[I]f the district court is required to abstain under *Younger* and dismiss the suit, then it has no authority to rule on a party's motion for a preliminary injunction."); *GoEngineer, Inc. v. Progression Techs., Inc.*, No. 2:12-CV-930 TS, 2012 U.S. Dist. LEXIS 150890, at *2 (D. Utah Oct. 18, 2012) ("[The] Court cannot grant a preliminary injunction unless it has jurisdiction.").

12. In her efforts to expedite the injunction proceeding, Ms. Peters is essentially asking the Court to assume jurisdiction when jurisdiction has been challenged. [*See* ECF No. 20.] The schedule she proposes does not afford the Court the time to determine the issues raised in Mr. Rubinstein's Motion to Dismiss prior to a hearing on the Motion for Preliminary Injunction. [*See id.*]; *see also* D.C. Colo. LCivR 7.1(d).

13. Put simply, there is a substantial risk of rendering the time and expense of an injunction procedure moot if the Court determines that it must abstain for the reasons set forth in the Motion to Dismiss. *See, e.g.*, *NTL, L.L.C. v. Pryor*, 128 F. Supp. 2d 1324, 1331 (N.D. Ala. 2001) (motion for preliminary injunction moot where motion to dismiss is

granted based on *Younger* abstention).

14. The time, expense, and inconvenience under the circumstances is significant, requiring all parties to brief Ms. Peters' oversized[1] Motion for Preliminary Injunction, prepare for and attend a hearing.

15. While Ms. Peters attempts to create a sense of urgency in her various pleadings, any purported time constraints are entirely a burden of her own creation. Notably, Ms. Peters implies that that an appeal is an almost-certainty and, therefore, time is of the essence to complete an appeal before the trial date. [ECF No. 20 at 4–5.]

16. However, as detailed in Mr. Rubinstein's Opposition to Expedited Proceedings, Ms. Peters' criminal case has been ongoing for multiple years, and she has had ample time to file the present action, the injunction motion, any appeals, etc. without causing further delay to her criminal proceedings. Instead, she waited 616 days after she was indicted to initiate this lawsuit, 629 days after she was indicted to file the Motion for Preliminary Injunction, and 643 days after she was indicted to file the Motion to Expedite Proceedings on the Motion for Preliminary Injunction. [*See* ECF Nos. 1, 1-29, 8, 20.]

17. Ms. Peters' pleadings also imply a challenge to a specific ruling in the criminal proceedings that was issued over 527 days before the filing of this lawsuit. [*See* ECF No. 20 at 3, 4–5. ("…a ruling by the trial judge [granting motions to quash subpoenas on June 5, 2022] has excluded any consideration of the federal constitutional issues noted … ."[2]).]

---

[1] Ms. Peters' Motion for Preliminary Injunction is thirty-eight pages. Under Uniform Civ. Practice Standard 10.1, "motions … shall not exceed fifteen (15) pages." Despite nearly tripling the page limit allowed, Ms. Peters did not seek any leave of Court before she filed her motion.

[2] To the extent Ms. Peters is using this litigation to challenge the ruling of the state court, that action is prohibited by the *Rooker-Feldman* doctrine, which "precludes a party losing in state court . . . from seeking what in substance would be appellate review of [a] state

18. Although Ms. Peters knew the basis of her claims for at least 527 days, she waited over seventeen months, until less than three months before her criminal trial, to begin to file her federal claims. As such, any urgency in this matter is self-imposed by Ms. Peters.

19. Further, the Court could abate any possible prejudice to Ms. Peters due her timing in asserting her claims by expediting briefing on Mr. Rubinstein's Motion to Dismiss,[3] temporarily staying briefing on the Motion for Preliminary Injunction, and then expediting briefing on that motion following the Court's resolution of the Motion to Dismiss if, in fact, the Court decides not to abstain.

## Conclusion

For the reasons set forth, the interests of fairness, equity, justice, and economy all weigh in favor of the Stay. Granting the Stay until after the Court resolves the Motion to Dismiss favors judicial economy and is procedurally proper due to the abstention issues that the Court must resolve prior to considering the preliminary injunction motion.

WHEREFORE, Mr. Rubinstein respectfully requests that the Court grant this Motion, stay briefing and hearing on the Motion for Preliminary Injunction until after

---

judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *See Kenman Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002) (The Rooker-Feldman doctrine, which does not distinguish between temporary and final orders, prohibits lower federal courts from considering claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment.) (citation omitted).

[3] District Attorney Rubinstein would not oppose an expedited briefing schedule on his Motion to Dismiss.

resolution of the Motion to Dismiss, and grant such other and further relief as the Court deems proper.

Respectfully submitted December 13, 2023.

*/s/Todd M. Starr*
Todd M. Starr, Atty Reg. #27641
Mesa County Attorney
Dept 5004, P.O. Box 20,000 Grand Junction,
CO 81502 Telephone: (970) 244-1612 Email:
todd.starr@mesacounty.us
*Counsel for District Attorney Daniel P. Rubinstein*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2023, I served the foregoing pleading on the Clerk of the Court for filing and uploading to the CM/ECF system and electronic distribution to all counsel and parties of record.  I am also sending notification of this filing to the following individuals at the email addresses set forth below:

For Defendant Jena Griswold:
Michael Kotlarczyk
Senior Assistant Attorney General
Mike.kotlarczyk@coag.gov

Lee Ann Morrill
First Assistant Attorney General
LeeAnn.Morrill@coag.gov

For Defendants United States of America and Merrick Garland:
Joann Stark
Legal Assistant/Docket Clerk – Civil Division
United States Attorney's Office, District of Colorado
Joann.Stark@usdoj.gov

For Plaintiff Tina Peters:
Robert J. Cynkar
McSweeney  Cynkar & Kachouroff PLLC
10506 Milkweed Drive
Great Falls, VA  22066
rcynkar@mck-lawyers.com

John M. Case
John Case, P.C.
6901 South Pierce Street, #340
Littleton, CO  80128
brief@johncaselaw.com

  /s/  Todd M. Starr