IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-03014-NYW-SKC

TINA PETERS,

Plaintiff,

v.

UNITED STATES OF AMERICA, MERRICK B. GARLAND, Attorney General of the United States in his official capacity,
JENA GRISWOLD, Colorado Secretary of State, in her official capacity, and
DANIEL P. RUBINSTEIN, District Attorney of the Twenty-First Judicial District, in his official capacity.

Defendants.

---

**DEFENDANT DANIEL P. RUBINSTEIN'S OPPOSITION
TO MOTION TO EXPEDITE PROCEEDINGS [ECF. No. 20]**

---

Defendant Daniel P. Rubinstein, District Attorney of the Twenty-First Judicial District, in his official capacity, ("Mr. Rubinstein") submits this Opposition to Plaintiff's Motion to Expedite Proceedings on Motion for Preliminary Injunction [ECF. No. 20].

### Argument and Authorities

1. Mr. Rubinstein has contemporaneously filed a Motion to Dismiss based on the *Younger* doctrine ("Motion to Dismiss"). The Motion to Dismiss urges this court to abstain and, necessarily, must be settled first for the reasons set forth therein.

2. Mr. Rubinstein has also contemporaneously filed a Motion to Stay, seeking to stay the preliminary injunction proceedings pending resolution of the Motion to Dismiss ("Motion to Stay").

3. The Motions to Dismiss and to Stay are both incorporated by reference as if set forth fully herein because the arguments made and authorities cited therein apply equally here.

4. Plaintiff's own delay in bringing both this action and the instant Motion to Expedite illustrates the non-emergent nature of her claim. The following delays were all occasioned by Ms. Peters herself:

   a. Over 616 days elapsed between the filing of the criminal indictment and the filing of the Complaint in this matter;
   b. Over 527 days have elapsed between the State Court entering its Order RE: Motions to Quash SDTS (Exhibit 20 to Plaintiff's Complaint) which Plaintiff Peters alleges deprived her of constitutional rights and the filing of the Complaint in this matter;
   c. Almost two weeks (13 days) elapsed between the filing of the Complaint in this matter and the filing of Plaintiff's Motion for a Preliminary Injunction[1] [ECF. No. 8]; and,
   d. Two weeks elapsed between the filing of Plaintiff's Motion for a Preliminary Injunction (ECF. No. 8) and Plaintiff's Motion to Expedite Proceedings[2] (ECF. No. 20).

5. This Court recently had occasion to consider a much shorter delay in the context of a Motion for Temporary Restraining Order and offered the following:

> Courts in both this jurisdiction and others have similarly determined that a movant's delay in seeking injunctive relief warranted the denial of injunctive relief. *See Harley's Hope Foundation v. Harley's Dream*, No. 22-cv-0136-WJM-STV, 2022 WL 1154526, at *3 (D. Colo. Apr. 19, 2022) (collecting cases); *see also Colo. Mont. Wyo. State Area Conf. of the NAACP v. United States Election Integrity Plan*, No. 22-cv-00581-PAB, 2022 WL 1061906, at

---

[1] Plaintiff's Motion for A Preliminary Injunction (ECF. No. 8) is 45 pages long contains 38 pages of argument in violation of this Court's Uniform Civ. Practice Standard 10.1(c)(1).

[2] It is unclear if the proper procedure was followed for submission of an "emergency" motion as undersigned counsel was not copied on any communication with the Court's Chambers. *See* Uniform Civ. Practice Standard III 7.1A(a)(3).

2

>  *5 (D. Colo. Apr. 8, 2022) (waiting three months to file motion for emergency injunctive relief without explanation "strongly undermines plaintiff's suggestion that the moment of maximum harm is now at hand") (citation omitted); *Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."); *Cheng v. Dispeker*, No. 94 CIV. 8716 (LLS), 1995 WL 86353, at *6 (S.D.N.Y. Mar. 2, 1995) ("[P]laintiffs waited five more months before moving for a preliminary injunction. Such a delay vitiates plaintiffs' assertion that they will be irreparably harmed if a preliminary injunction is not entered."); 11A Fed. Prac. & Proc. Civ. § 2948.1 (3d ed.) ("A long delay by plaintiff after learning of the threatened harm also may be taken as an indication that the harm would not be serious enough to justify a preliminary injunction.") (citations omitted).

*Salient Power Sols., LLC v. Cullari Indus., LLC*, No. 123CV00479CNSNRN, 2023 WL 3847307, at *3 (D. Colo. June 6, 2023).

6. A delay of only three months was sufficient to defeat a restraining order in *Salient*. *Id.* Here, Plaintiff has waited in excess of seventeen months since the entry of the state court order central to her case to file her Complaint and even longer to file her Motions for Preliminary Injunction and to Expedite.

7. If time is truly of the essence, the Court can expedite the Motion to Dismiss, which, if decided in favor of abstention, would deprive the Court of jurisdiction to issue the injunction.

8. Defendant Rubinstein has filed his Motions to Dismiss and to Stay a week in advance of their deadlines to further reduce any delay and assist the Court and the parties in resolving the key issue of abstention as quickly as possible.

9. Additionally, Plaintiff's proposed hearing date on the eve of Christmas weekend is highly prejudicial to Defendant Rubinstein as he has long-standing family

3

plans with his two children both of whom live out-of-the-home while they attend college. Undersigned counsel has long-standing plans as well.

     WHEREFORE Defendant Daniel P. Rubinstein respectfully requests that the Court deny Plaintiff's Motion to Expedite Proceedings on Motion for Preliminary Injunction [ECF. No. 20] and grant such other and further relief as the Court deems proper.

Dated:  December 13, 2023

                              Respectfully Submitted,

                              /s/  Todd M. Starr
Todd M. Starr, Atty Reg. #27641
Mesa County Attorney
Dept 5004, P.O. Box 20,000
Grand Junction, CO  81502
Telephone: (970) 244-1612
Email: todd.starr@mesacounty.us
*Counsel for Defendant Daniel P. Rubinstein*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2023, I served the foregoing pleading on the Clerk of the Court for filing and uploading to the CM/ECF system and electronic distribution to all counsel and parties of record. I am also sending notification of this filing to the following individuals at the email addresses set forth below:

For Defendant Jena Griswold:
Michael Kotlarczyk
Senior Assistant Attorney General
Mike.kotlarczyk@coag.gov

Lee Ann Morrill
First Assistant Attorney General
LeeAnn.Morrill@coag.gov

For Defendants United States of America and Merrick Garland:
Joann Stark
Legal Assistant/Docket Clerk – Civil Division
United States Attorney's Office, District of Colorado
Joann.Stark@usdoj.gov

For Plaintiff Tina Peters:
Robert J. Cynkar
McSweeney Cynkar & Kachouroff PLLC
10506 Milkweed Drive
Great Falls, VA  22066
rcynkar@mck-lawyers.com

John M. Case
John Case, P.C.
6901 South Pierce Street, #340
Littleton, CO  80128
brief@johncaselaw.com

/s/  Todd M. Starr