**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.1:23-cv-03014

TINA PETERS

    Plaintiff,

v.

UNITED STATES OF AMERICA,
MERRICK B. GARLAND, Attorney General of the United States in his official capacity,
JENA GRISWOLD, Colorado Secretary of State, in her official capacity, and
DANIEL P. RUBINSTEIN, District Attorney of the Twenty-First Judicial District, in his official capacity,

    Defendants.

---

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MINUTE ORDER [ECF No. 27] DENYING PLAINTIFF'S MOTION FOR EXPEDITED PROCEEDINGS ON MOTION FOR PRELIMINARY INJUNCTION**

---

Plaintiff, Tina Peters, respectfully moves this Court to reconsider its Minute Order [ECF No. 27] denying Peters' Motion to Expedite Proceedings on Motion for Preliminary Injunction "at this juncture." Counsel for Defendant Rubinstein has advised us that he opposes this Motion. We are filing contemporaneously with this Motion our Oppositions to Defendant Rubinstein's Motions to Stay [ECF No. 24] and to Dismiss for Lack of Jurisdiction [ECF No. 23].

1

As set out in the Minute Order, the Court's basis for denying the Motion to Expedite is that "the *Younger* doctrine *might* require this Court to abstain from interfering in an ongoing state proceeding implicating important state interests." (Emphasis added.) The grounds for reconsidering this Minute Order are the following:

1. The merits question of whether the *Younger* doctrine applies here is an issue at the foundation of the claims before the Court. If the Court determines that *Younger* abstention applies, the case can be dismissed. If the Court determines *Younger* abstention does not apply, the Court can then determine whether the preliminary injunction Peters seeks is warranted.

But the mere existence of that merits question does not dictate when that question must be adjudicated. To be sure, Rubinstein has already advanced his arguments on the application of *Younger* abstention in this case in his Motion to Dismiss, so the timing of these proceedings could not prejudice the presentation of Rubinstein's arguments that *Younger* abstention applies.

On the other hand, when the Court entered this Minute Order, it apparently had not considered Peters' substantial arguments in her Motion for a Preliminary Injunction, at 9-12 [ECF No. 8], that well-established Supreme Court and Tenth Circuit precedents squarely reject Rubinstein's claim to *Younger* abstention, arguments amplified in our Opposition to Defendant Rubinstein's Motion to

Dismiss, filed today. And the timing of the adjudication of Peters' preliminary injunction motion *is* crucial to forestall the retaliation for her exercise of her constitutional rights to be inflicted by the state criminal trial beginning on February 9, 2024.

It thus appears that by denying Peters' Motion to Expedite the Court has effectively resolved the merits by giving exclusive weight to the proposition that *Younger* abstention "might" apply, while giving no weight to the competing proposition that a violation of Peters' fundamental constitutional rights also "might" ensue without the intervention of this Court.

2. Moreover, Rubinstein's claim that *Younger* abstention applies here sidesteps the unquestioned principle established by *Dombrowski v. Pfister,* 380 U.S. 479 (1965) and its progeny (including *Phelps v. Hamilton,* 59 F.3d 1058 (10th Cir. 1995) that federal courts are empowered to enjoin bad faith state prosecutions amounting to retaliation for the exercise of First Amendment rights. *See* Plaintiff's Opposition to Defendant Rubinstein's Motion to Dismiss, at 1-3. Rubinstein's bad faith driving the prosecution of Peters is demonstrated by a catalog of specific factual allegations. *Id.*, at 7-10. And the state court will not be a forum in which Peters can have her constitutional claims fairly adjudicated, thanks to an express ruling of the state judge excluding any evidence concerning the deletion of election

records which was the trigger for Peters' constitutionally protected activity. *See id.*, at 3-5.

Thus Peters' claim that abstention is not appropriate in the unique circumstances of this case is substantial, and certainly does not warrant the disregard evidenced in the Court's Minute Order.

3. With today's filings, the bulk of the briefing on all the issues before the Court is complete. Any replies can be comfortably completed within the timeframe proposed by our Motion to Expedite. Outside of other practical concerns arising from the Court's docket with which the parties here are not familiar, there can be no legal objection to a hearing on Rubinstein's Motion to Dismiss and Peters' Motion for a Preliminary Injunction on December 22, or a date reasonably close thereto, given holiday commitments.

## Conclusion

For the foregoing reasons, the Court should reconsider its Minute Order denying Peters' Motion to Expedite Proceedings on Motion for Preliminary Injunction; grant that Motion; deny Rubinstein's Motion to Stay; and issue an order setting a hearing on Rubinstein's Motion to Dismiss and Peters' Motion for a Preliminary Injunction on December 22, 2023 or a date reasonably close thereto, given holiday commitments.

Date: December 15, 2023

Respectfully submitted,

　　　　/s/ *Robert J. Cynkar*
Robert J. Cynkar
Patrick M. McSweeney
Christopher I. Kachouroff
Lyndsey L. Bisch
Co-Counsel for Plaintiff
McSweeney, Cynkar & Kachouroff, PLLC
10506 Milkweed Drive
Great Falls, VA 22066
Telephone: (703) 621-3300
Email: rcynkar@mck-lawyers.com

John Case
John Case, P.C.
6901 South Pierce St. #340
Littleton CO 80128
Phone|303-667-7407
brief@johncaselaw.com
Co-Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email address:

For Defendant Daniel Rubinstein:

Todd Starr
Mesa County Attorney
Todd.starr@mesacounty.us

5

I hereby certify that on this 15th day of December, 2023, I am sending this filing to the following individuals at the email addresses set out below:

For Defendant Jena Griswold:

Michael Kotlarczyk
Senior Assistant Attorney General
Mike.Kotlarczk@coag.gov

LeeAnn Morrill
First Assistant Attorney General, Public Officials Unit
LeeAnn.Morrill@coag.gov

For Defendants United States of America and Merrick Garland:

Joann Stark
Legal Assistant/Docket Clerk – Civil Division
United States Attorney's Office, District of Colorado
Joann.Stark@usdoj.gov

/s/ *Robert J. Cynkar*