**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-03014-NYW-SKC

TINA PETERS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
MERRICK B. GARLAND, in his official capacity as Attorney General of the United States,
JENA GRISWOLD, in her official capacity as Colorado Secretary of State, and
DANIEL P. RUBINSTEIN, in his official capacity as District Attorney for the Twenty-First Judicial District,

    Defendants.

---

**MINUTE ORDER**

---

Entered by Judge Nina Y. Wang

    This matter is before the Court on the Motion to Stay Briefing and Scheduling of Hearing on Motion for Preliminary Injunction ("Motion to Stay"), [Doc. 24], filed by Defendant Daniel P. Rubinstein ("Defendant" or "Mr. Rubinstein")[1] and the Motion for Reconsideration of the Court's Minute Order Denying Plaintiff's Motion for Expedited Proceedings on Motion for Preliminary Injunction ("Motion for Reconsideration"), [Doc. 28] filed by Plaintiff Tina Peters, ("Plaintiff" or "Ms. Peters"). These two Motions concern the order in which this Court should resolve Plaintiff's Motion for a Preliminary Injunction ("Motion for Preliminary Injunction"), [Doc. 8], and Mr. Rubinstein's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12 ("Motion to Dismiss"), [Doc. 23].

    In the Motion for Reconsideration [Doc. 28], Ms. Peters requests that the Court reconsider its denial of her Motion for Expedited Proceedings on Motion for Preliminary Injunction, *see* [Doc. 27; Doc. 20], arguing that reconsideration is required because this Court did not adequately weigh her alleged injury and only accounted for Defendant Rubenstein's argument that the *Younger* abstention doctrine might apply. [Doc. 28 at 2–3]. The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, "[a] district court has discretion to revise interlocutory orders prior to entry of final judgment." *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 212 F. App'x 760, 765 (10th Cir. 2007) (*citing Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th

---

[1] Plaintiff Tina Peters has filed a Response opposing the Motion to Stay. *See* [Doc. 29].

Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.")); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir.1988) (citing Fed. R. Civ. P. 54(b)) ("It is within the District Judge's discretion to revise his interlocutory orders prior to entry of final judgment."). As a general principle, courts may grant motions to reconsider where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Here, none of these grounds for reconsideration exists. As an initial matter, the Court, respectfully, did not disregard Ms. Peters' concerns. [Doc. 28 at 4]. Instead, the Court appropriately considered the potential implication of the *Younger* doctrine, as discussed in more detail below.

In seeking reconsideration, Ms. Peters points to no new evidence previously unavailable to her, or any intervening change in the controlling law. *See generally* [Doc. 28]. Rather, she simply disagrees with the Court's ruling. But a motion for reconsideration is not a vehicle to disagree with the Court's ruling, *see Carbajal v. Morrissey*, No. 12-cv-03231-REB-KLM, 2014 WL 12914736 (D. Colo. Jan. 13, 2014); to present evidence that could have been raised in the first instance, *see Straily v. UBS Fin. Servs., Inc.*, No. 07-cv-00884-REB-KMT, 2010 WL 749791 (D. Colo. Mar. 3, 2010) (citation omitted); or to rehash arguments, *see Nat'l Bus. Brokers Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000). And although the Court is sensitive to the financial challenges of federal litigation for all parties who come before the Court on civil matters where there is no constitutional right to counsel, *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988); *see also* [Doc. 29 at 3], the record reflects that Ms. Peters has known about her potential claims since March 8, 2022, *see* [Doc. 23-2 (Mesa County Grand Jury Indictment)],[2] and did not initiate this action until November 14, 2023. [Doc. 1]. Even after the filing of the original Complaint, Ms. Peters waited another thirteen days to file her Motion for Preliminary Injunction. [Doc. 8, filed November 27, 2023]. To the extent that there is any issue of exigency, it is undisputed that this Court has had no part in creating such circumstances.

In his Motion to Stay, Defendant contends that the *Younger* doctrine's applicability is a threshold issue that must be resolved before reaching the merits of Plaintiff's Motion for Preliminary Injunction and thus, proceedings on Plaintiff's Motion for Preliminary Injunction should be stayed because "there is a substantial risk of rendering the time and expense of an injunction procedure moot" were the Court to determine that abstention is required. [*Id.* at ¶¶ 10–11, 13–14]. According to Ms. Peters, however, the Motion for Preliminary Injunction necessarily implicates the *Younger* abstention question, and therefore, the Court should order simultaneous proceedings on both the Motion for

---

[2] This Court takes judicial notice of the docket from the Mesa County District Court for the State of Colorado indicating that trial in *People v. Peters*, Case No. 2022CR371, was originally scheduled to commence in March 2023, was then re-set to August 2023, and is now set to commence on or about February 9, 2024. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2015) (a court may take judicial notice of facts that are a matter of public record, such as documents filed in other litigation).

Preliminary Injunction and Motion to Dismiss in order to resolve them more efficiently and without giving precedence to Defendant's arguments. [Doc. 28 at 2, 4; Doc. 29 at 1–2].

But, as Plaintiff concedes, the Court must first determine whether it is required to abstain from exercising its jurisdiction pursuant to *Younger*; were the court to find that abstention is mandatory, "[t]he question of whether to preliminary enjoin [the] ongoing state court proceeding [would be] precluded." *Phelps v. Hamilton*, 122 F.3d 885, 891 (10th Cir. 1997); *see also* [Doc. 29 at 2 ("[A]djudication of the *Younger* issue effectively resolves whether this case should be dismissed or opens the door to the preliminary relief Peters seeks.")]. Accordingly, this Court may properly address the *Younger* abstention doctrine before initiating proceedings on the merits, as the resolution of the *Younger* issue may moot Plaintiff's claim for injunctive relief. *See, e.g., id.* (holding that the district court "correctly refrained from conducting a hearing on the plaintiff's motion for a preliminary injunction" after dismissing the plaintiffs' suit on abstention grounds); *see also Baca v. Berry*, 806 F.3d 1262, 1269, 1270 (10th Cir. 2015 (recognizing that a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket" and may "stay proceedings pending before it . . . for the purpose of economy of time and effort for itself, for counsel, and for litigants" (quotation omitted)).

If the Court determines that *Younger* abstention is unwarranted, it will then turn to Ms. Peters's claim for injunctive relief. *See* [Doc. 28 ("If the Court determines that *Younger* abstention applies, the case can be dismissed. If the Court determines *Younger* abstention does not apply, the Court can then determine whether the preliminary injunction Peters seeks is warranted.")]. And, as Mr. Rubinstein has agreed, to alleviate any potential prejudice to Ms. Peters, such proceedings can be conducted on an expedited basis. *See* [Doc. 24 at ¶ 19].

Accordingly, **IT IS ORDERED** that:

(1)   Any reply to the Motion to Dismiss is **DUE** no later than **December 29, 2023**;

(2)   The Motion to Stay [Doc. 24] is **GRANTED**;

(3)   The Motion for Reconsideration [Doc. 28] is **DENIED**; and

(4)   Defendant Daniel P. Rubinstein **SHALL RESPOND** to Plaintiff's Motion for Preliminary Injunction [Doc. 8] within 3 business days of this Court's ruling on the Motion to Dismiss [Doc. 23] should the case not be dismissed.

DATED:  December 20, 2023