**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:23-cv-03014-NYW-SKC

TINA PETERS,

Plaintiff,

v.

UNITED STATES OF AMERICA, MERRICK B. GARLAND, Attorney General of the United States in his official capacity,
JENA GRISWOLD, Colorado Secretary of State, in her official capacity, and
DANIEL P. RUBINSTEIN, District Attorney of the Twenty-First Judicial District, in his official capacity.

Defendants.

---

### DEFENDANT DANIEL P. RUBINSTEIN'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT RUBINSTEIN'S MOTION TO DISMISS

---

In her Opposition to Defendants Rubinstein's Motion to Dismiss [ECF No. 30] ("Opposition"), Plaintiff first relies on the Supreme Court's *Dombrowski* and the Tenth Circuit's *Phelps* decisions to contend that Younger abstention is per se inappropriate because she has raised First Amendment issues. *See* Opposition at 1-3. She then contends that the state court does not provide her a proper forum to litigate her First Amendment claims and finally that Mr. Rubinstein retaliated against her for the exercise of her First Amendment rights. *See* Opposition at 3-10. Neither the allegations in the Complaint, nor the law, support any of her arguments.

Ms. Peters does not otherwise challenge the applicability of the *Younger* doctrine to the facts here, nor does she present any other reason why the court should not abstain.

*Id*. Accordingly, the Court's abstention analysis should be limited to the three issues discussed in her Opposition.[1]

It is undisputed that the Court should abstain under *Younger* but for the exceptions that Plaintiff urges in her Response. However, the cases Plaintiff cites and the facts upon which she relies do not rise to meet the heavy burden she has to justify an exception to abstention. Accordingly, this Court should abstain and dismiss the case without prejudice.

I. **Plaintiff's alleged First Amendment issues do not automatically preclude *Younger* abstention**.

Ms. Peters appears to contend that, under the two central cases she cites, *Younger* abstention is improper simply because she has raised First Amendment issues. Opposition at 1-3. However, both cases are distinguishable and do not stand for the proposition that simply raising First Amendment issues is sufficient to defeat abstention.

The *Dombrowski* opinion, although it does deal with a First Amendment issue, focuses on the criminal enforcement of an allegedly vague statute. *Dombrowski v. Pfister*, 380 U.S. 479, 482 (1965). Likewise, the *Phelps* decision also concerns an allegedly overbroad state statute. *Phelps v. Hamilton*, 59 F.3d 1058, 1062-63 (10th Cir. 1995).[2]

---

[1] *See Addams v. Applied Medico-Legal Sols. Risk Retention Grp.*, No. 21-952 JCH/LF, 2022 U.S. Dist. LEXIS 72286, at *8 (D.N.M. Apr. 20, 2022) ("The Court reminds Plaintiff that when filing "an opposition to a dispositive motion and address[ing] only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

[2] *Phelps* also involved a multitude of other factors not present here such as, for example, a series of seven prosecutions brought by Ms. Hamilton against Mr. Phelps in a period of three months, a history of ill-will between Mr. Phelps and Ms. Hamilton's family, etc. *Id*. 59 F.3d at 1067. Accordingly, *Phelps* speaks to the tests regarding exceptions to

Nevertheless, *Phelps* is instructive because it involves alleged harassment by a District Attorney, and discusses the type of conduct necessary to justify the exception. However, *Phelps* supports Mr. Rubinstein's position here that Ms. Peters has not cleared the "heavy burden" required to establish a valid *Younger* exception. *See Phelps*, 59 F.3d at 1066; Motion to Dismiss [ECF No. 30] ("Motion") at 10-14.

As noted in the Motion, and unchallenged in the Opposition, this case does not involve a challenge of a state statute. Instead, Plaintiff's cases are a diversion employed by Ms. Peters to give the illusion that a District Court cannot abstain in any case involving a First Amendment right. Simply stated, *Phelps* and *Dombrowski* do not hold, as Ms. Peters contends, that "abstention in a case such as this is inappropriate." Opposition at 1.

## II. The state court provides an adequate forum to raise First Amendment defenses.

Ms. Peters next urges this Court to conclude that the state court does not provide an adequate forum to litigate federal constitutional issues. Opposition at 4. Ms. Peters asserts that a June 5, 2022 ruling by State Court Judge Barrett (ECF No. 1, Ex. 16 at 3.) deprived her of due process by preventing her from presenting constitutional arguments. Opposition at 4. Ms. Peters' analysis is misguided because it ignores the remedies available to her in state court. If Judge Barrett ruled incorrectly, that decision is appealable through the state criminal appellate process, and therefore she has an adequate state court remedy. *Moore v. Sims*, 442 U.S. 415, 425 (1979) (Restated in the

---

*Younger*, but it is not a call for an automatic rejection of *Younger* abstention in the First Amendment context, as Plaintiff suggests in the opening paragraphs of her Opposition.

3

abstention context, the federal court should not exert jurisdiction if the plaintiffs "had an *opportunity* to present their federal claims in the state proceedings.")  By Ms. Peters' own admission, she did (and still does on appeal) have an opportunity to present her constitutional defenses.[3]

More importantly, Ms. Peters has not offered any case law or statute indicating that a Colorado state court cannot hear federal constitutional defenses.  Indeed, just the opposite is true.  Criminal defendants typically assert many federal constitutional rights as defenses to state-law criminal charges. See, *e.g.*, *Snyder v. Phelps*, 562 U.S. 443, 131 S. Ct. 1207, 179 L. Ed. 2d 172 (First Amendment used as a defense to a state tort suit). The Tenth Circuit has held that "Colorado law specifically authorizes the state district courts to address federal constitutional claims, and the *Younger* doctrine is founded on the principle that state courts are no less capable of interpreting the federal constitution than are federal courts." *Trans Shuttle, Inc. v. Colo. PUC*, 24 F. App'x 856, 857 (10th Cir. 2001). More recently, the Tenth Circuit held that Kansas state courts provide an adequate forum for the resolution of constitutional claims incident to a state criminal prosecution. *Kabutu v. Short, Nos. 21-3229, 21-3230*, 2022 U.S. App. LEXIS 20997, at *2 (10th Cir. July 29, 2022).

Ms. Peters bears the burden to prove that the state court cannot hear such defenses, and she has failed to overcome that hurdle. *See, e.g., Pennzoil Co. v. Texaco,*

---

[3] To the extent she is alleging that the state court judge "refused to rule on any federal constitutional issues" [Opposition at 4], Ms. Peters fails to explain how and why such a ruling is not subject to a state court appeal.  As an aside, she does not explain how Mr. Rubinstein, the District Attorney, is even responsible under Section 1983 of the Civil Rights Act for the state court's decisions.

*Inc.*, 481 U.S. 1, 26 (1987) (the burden rests with the federal plaintiff to show that state court is unable to hear constitutional claims); *J.B. v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999) (same). It is undisputed that the state court judge entertained her constitutional arguments and defenses.  Ms. Peters just did not like his ruling.  It is outside the province of this court to overturn state court evidentiary decisions.  Instead, Ms. Peters' remedy is an appeal before the state appellate courts.

**III.     Ms. Peters has not clearly established that Mr. Rubinstein's alleged conduct was retaliatory or otherwise harassing.**

The burden necessary to establish harassment/retaliation is high. *See* Motion at 10-11.  As noted in the Motion, the Tenth Circuit has established a three-pronged test to determine whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success;
>
> (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and
>
> (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 59 F.3d at 1065.

"Under *Younger*, intervention cannot be predicated on mere allegations; rather the federal Plaintiff must <u>prove</u> bad faith or harassment before intervention is warranted." *Id.* at 1066 (emphasis added).  Plaintiff must prove that "retaliation was a major motivating factor and played a dominant role in the decision to prosecute. *Id.* (citation omitted)*.*

Against this backdrop, Ms. Peters cannot meet the high burden required to invoke the harassment/exceptional exceptions to *Younger*.

A. <u>The prosecution was neither frivolous nor undertaken with no reasonably objective hope of success.</u>

5

As noted in the Motion, not only did the grand jury issue an indictment, but Judge Barrett reviewed the charges, at Ms. Peters' and her attorneys' request, and found the following: "I conclude that probable cause was properly established to support each of the charges." *See* Motion at 11.[4]  As noted in the Motion, Plaintiff has not and cannot challenge this order here under the *Rooker-Feldman* doctrine.  *Id.* at fn. 3.  Accordingly, Ms. Peters cannot reasonably contend that the prosecution is frivolous or has no likelihood of success.

B. <u>The prosecution was not retaliation against Ms. Peters' exercise of her constitutional rights.</u>

In order to demonstrate retaliation, Ms. Peters must prove that "retaliation was a major motivating factor and played a dominant role <u>in the decision to prosecute</u>." *Phelps*, 59 F.3d at 1066 (emphasis added).  Ms. Peters has not, and cannot, meet this burden. Instead, she offers a list of alleged instances of "retaliatory actions" that occurred largely within the criminal litigation that she contends demonstrate retaliatory intent. Opposition at 6-11.

Ms. Peters offers no distinction between the motivation for the prosecution itself (which is what is at issue with respect to the *Younger* exception) and the motivation of individual decisions or actions by the prosecutor taken within the course of the criminal

---

[4] Several days ago, the Fifth Circuit held that under certain conditions an indictment alone is insufficient to defeat an allegation that a criminal proceeding is frivolous or lacks a likelihood of success.  *See Netflix v. Babin*, 2023 U.S. App. LEXIS 33506, ____ F.4th ____, 2023 WL 8714856 (5th Cir. December 18, 2023).  Unlike the indictment in *Netflix*, Ms. Peters' trial judge independently reviewed the indictment and determined that probable cause existed.  *See* Motion at 11, Ex. C.  This additional step, not present in *Netflix*, not only distinguishes that case but it also breaks the direct link between the prosecutor's motivations, even assuming ill intent, and the criminal charges.  This is fatal to Plaintiff's retaliation claim.

6

case (which are not relevant to the *Younger* exception analysis and are instead properly remedied by the state courts).  In fact, there is not one factual allegation that establishes a retaliatory motive on the part of Mr. Rubinstein or that even addresses the basis for his decision to prosecute.  Thus, Ms. Peters fails to meet her burden of establishing that Mr. Rubinstein brought the prosecution for retaliatory purposes.

As to the individual instances that Ms. Peters contends demonstrate retaliation, the Court will note that most relate to normal prosecutorial functions such as investigation, pursuing an indictment, recommending bonds, weighing in on travel requests, etc.  *Id.*  There is no credible, non-conclusory allegation that any of Mr. Rubinstein's actions were retaliatory in nature or otherwise intended to harass.

Importantly, a substantial portion of the conduct of which Ms. Peters complains were actions ultimately brought before the state court or were issues that, absent satisfactory resolution between counsel and the prosecutor, Ms. Peters could have brought before the state court.  In other words, even if any of the allegations demonstrated retaliatory motive—and they do not—Ms. Peters had, and continues to have, all available legal channels in the state court to address the issues she attempts to raise here.  There is no exception to *Younger* abstention where a plaintiff has a remedy in state court, even if she elects not to pursue that remedy.  *Serafine v. LaVoie*, No. 1:20-CV-1249-RP-SH, 2022 WL 229364, at *15 (W.D. Tex. Jan. 26, 2022) ("Accordingly, where a litigant has not attempted to present her federal claims in related state court proceedings, federal courts 'assume that state court procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'") (Citation omitted).

C. <u>The prosecution was not undertaken for purposes of harassment nor was it an abuse of prosecutorial discretion.</u>

7

As with retaliation, Ms. Peters also fails to meet her burden to demonstrate that Mr. Rubinstein initiated the prosecution in such a way as to constitute harassment. First, there are no allegations of multiple prosecutions or other conduct that would demonstrate harassment. As noted above, the Tenth Circuit has held that this is the typical method of proving harassment. *Phelps*, 59 F.3d at 1065.

Second, an independent party, the state court judge, oversaw and continues to oversee Mr. Rubinstein's actions during the prosecution. For example, as the attached Register of Actions evidences, state court judges who, more often than not, concurred with Mr. Rubinstein, heard both bond conditions and travel restrictions. Exhibit A. The trial judge reviewed the indictment for probable cause. Motion, Ex. 3. Indeed, the state court trial record reflects that Mr. Rubinstein chose to prosecute this in a manner that left behind a trail of, "…legitimate, articulable, objective reasons" for the prosecution. See *Phelps*, 59 F.3d at 1066 (quotations omitted.) Ms. Peters has and continues to have a remedy for any improper conduct in which she believes Mr. Rubinstein is engaging, namely, via the state court trial and appellate criminal procedures and processes.

There are simply no credible, non-conclusory, fact-based allegations to establish that Mr. Rubinstein is harassing Ms. Peters through the prosecution of her crimes sufficient to bar abstention.

## Conclusion

This action represents nothing more than a final effort to circumvent the Colorado criminal justice system by either overturning trial and evidentiary decisions made by the trial judge (before either trial or an appeal has even occurred) or cancelling a valid state criminal prosecution entirely. Neither is appropriate in this case. Ms. Peters has an

adequate forum in which to present her defenses, and this Court must abstain from interfering absent truly extraordinary circumstances that do not exist here.

**WHEREFORE,** Defendant Daniel P. Rubinstein respectfully requests that the Court abstain from proceeding in this matter, dismiss the case and all claims without prejudice, and grant such other and further relief as the Court deems proper.

Dated:  December 28, 2023

Respectfully Submitted,

 /s/  Todd M. Starr
Todd M. Starr, Atty Reg. #27641
Mesa County Attorney
Dept 5004, P.O. Box 20,000
544 Rood Ave
Grand Junction, CO  81502
Telephone: (970) 244-1612
Email: todd.starr@mesacounty.us

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2023, I electronically filed this Reply with the Clerk of Court using the CM/ECF system which will electronically serve all counsel of record:

For Defendant Jena Griswold:

| | |
|---|---|
| Michael Kotlarczyk | Lee Ann Morrill |
| Senior Assistant Attorney General | First Assistant Attorney General |
| Mike.kotlarczyk@coag.gov | LeeAnn.Morrill@coag.gov |

For Defendants United States of America and Merrick Garland:
Jennifer R. Lake
Asst. U.S. Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Jennifer.lake@usdoj.gov

For Plaintiff Tina Peters:

| | |
|---|---|
| Robert J. Cynkar | John M. Case |
| McSweeney Cynkar & Kachouroff PLLC | John Case, P.C. |
| 10506 Milkweed Drive | 6901 South Pierce Street, #340 |
| Great Falls, VA  22066 | Littleton, CO  80128 |
| rcynkar@mck-lawyers.com | brief@johncaselaw.com |

                                           /s/  Todd M. Starr