## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.1:23-cv-03014

TINA PETERS

     Plaintiff,

v.

UNITED STATES OF AMERICA,
MERRICK B. GARLAND, Attorney General of the United States in his official capacity,
JENA GRISWOLD, Colorado Secretary of State, in her official capacity, and
DANIEL P. RUBINSTEIN, District Attorney of the Twenty-First Judicial District, in his official capacity,

     Defendants.

---

### PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION

---

Pursuant to the Order of the Tenth Circuit issued January 23, 2024 (appended as Exhibit A), and Fed.R.Civ.P. 54(b), Plaintiff Tina Peters moves this Court for a certification setting out the determinations required by Rule 54(b) in support of the Final Judgement as to Defendant Daniel P. Rubenstein [ECF No. 40] (the "Rubinstein Final Judgment") entered by the Court on January 8, 2024. The grounds for this Motion are as follows:

1. On January 10, 2024, Peters noted her appeal of the Rubinstein Final Judgment to the Tenth Circuit. [ECF No. 41]. In compliance with the Tenth

Circuit's Rules, on January 22, 2024 Peters filed a Docketing Statement on the form provided by the Court of Appeals. One question on that form asked whether the district court directed entry of judgment in accordance with Rule 54(b), to which Peters responded "Yes."

2. Acting *sua sponte,* the Tenth Circuit in its January 23 Order found that this Court "did not make the two express determinations required by Rule 54(b)." January 23 Order, at 1 (Exh. A). Those two determinations, as explained in *Stockman's Water Co., LLC v. Vaca Partners, L.P.,* 425 F.3d 1263 (10th Cir. 2005), cited in the January 23 Order, are (1) a determination that the judgment is final; and (2) a determination that no just reason for delay of entry of its judgment exists, with an explanation of the factors that lead the court to make that determination. 425 F.3d at 1265. Because, in its view, this Court did not set out its assessment of these factors, the Tenth Circuit concluded that "the district court's Rule 54(b) certification appears insufficient to confer jurisdiction on this court." *Id.,* at 2.

The Tenth Circuit then gave Peters 30 days to file a "copy of either a district court order granting a proper Rule 54(b) certification or a final judgment adjudicating all remaining claims." January 23 Order, at 2.

Pending before the Tenth Circuit is Peters' Emergency Motion for Injunction Pending Appeal and for Expedited Review, filed January 19, 2024 (the "Emergency Motion"). That day, the Tenth Circuit ordered Rubinstein to file his

response by 2 p.m. (MST) January 29, 2024. In its January 23 Order, the Tenth Circuit also suspended that briefing until further order of the Court.  January 23 Order, at 2.

3. Given the February 9 start date for the state prosecution of Peters, we respectfully request this Court to issue the Rule 54(b) certification required by the Tenth Circuit as soon as possible. This Court clearly has the jurisdiction to do so, given the Tenth Circuit's conclusion that jurisdiction has not yet been conferred on it and its direction that Peters file a copy of such a Rule 54(b) certification.

4. The first of the two determinations – that the judgment is final – is a simple affirmative statement, which this Court has already expressed in its Final Judgment as to Defendant Daniel P. Rubinstein.

5. According to the Tenth Circuit, this Court has not yet set out an explanation for the second determination – that no just reason for delay of entry of judgment exists. However, several justifications for not delaying entry of judgment are apparent from this Court's reasoning in its Order on Motion to Dismiss, [ECF No.39.]:

a. The claims adjudicated in this case are separable from the others remaining to be adjudicated in in the case.

b. The claims relating to Defendant Rubinstein specifically seek to enjoin proceedings in *People v. Tina Peters,* Case No. 22CR371 (Dist.Ct. Mesa

Co.), scheduled to begin on February 9, 2024, and delay in entering the final judgment with respect to those claims would be inimical to the interests of Plaintiff Peters, the interests of Defendant Rubinstein, and the interests of justice in clearly resolving those claims -- either halting proceedings in *People v. Tina Peters* or allowing them to proceed -- without any legal cloud over them.

 c. The basis for this Court's granting of Defendant Rubinstein's Motion to Dismiss, abstention under *Younger v. Harris,* 401 U.S. 37 (1971), is not implicated in any of the claims against the other defendants in this case, and so the final judgment as to Defendant Rubinstein will not result in piecemeal appellate proceedings.

 d. The nature of the claims already adjudicated are such that the appellate court will not have to decide the same issues twice even if there are subsequent appeals.

 6. We have been advised by counsel that Defendant Rubinstein opposes this motion. Counsel has further advised us that he intends to "file a motion aimed at staying or extending the briefing/response period pertaining to your motion for a Preliminary Injunction before the 10th Circuit until such time as the 10th Circuit attains proper appellate jurisdiction." Email from T. Starr to P. McSweeney (Jan. 25, 2024) (Exhibit B).

We respectfully submit that Rubinstein's opposition is nonsense. Since the Tenth Circuit has suspended briefing until the Rule 54(b) issue has been resolved, no stay or extension of the response to our Emergency Motion is necessary. Moreover, Rubinstein *won.* This Court granted his Motion to Dismiss and entered final judgment *in his favor.* Complying with the Tenth Circuit's directions to confirm the finality of that judgment is a step in his favor, even if a somewhat administrative task. The only reason for Rubenstein's opposition apparently is a desire to deprive Peters of timely appellate review of her claim that the proceedings in *Peters v. People* should be enjoined. Depriving a party of her day in an appellate court, even a party against whom this Court has ruled, is certainly not a worthy reason to withhold or delay the Rule 54(b) certification the Tenth Circuit has said is required, and that Peters, as a result, now seeks by this Motion.

## CONCLUSION

For the foregoing reasons, this Court should promptly issue a Rule 54(b) certification complying with the requirements for such a certification as mandated by Tenth Circuit.

January 26, 2024

Respectfully submitted,

/s/ *Robert J. Cynkar*

| | |
|---|---|
| John Case | Patrick M. McSweeney |
| John Case, P.C. | Robert J. Cynkar |
| 6901 South Pierce St. #340 | Christopher I. Kachouroff |

Littleton, CO 80128
(303) 667-7407
brief@johncaselaw.

Lyndsey L. Bisch
McSweeney, Cynkar & Kachouroff, PLLC
10506 Milkweed Drive
Great Falls, VA 22066
(703) 621-3300
rcynkar@mck-lawyers.com

*Counsel for Plaintiff-Appellant Tina Peters*

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**January 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

TINA PETERS,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants,

and

DANIEL P. RUBINSTEIN, in his official
capacity as District Attorney for the
Twenty-First Judicial District,

    Defendant - Appellee.

No. 24-1013
(D.C. No. 1:23-CV-03014-NYW-SKC)
(D. Colo.)

## ORDER

This matter is before the court sua sponte upon review of Appellant's docketing statement. Appellant seeks to appeal the district court's order dismissing her claims against defendant Daniel Rubinstein. Appellant's claims against the remaining defendants are still pending. According to the docketing statement, this court has jurisdiction to consider this appeal because the district court certified its dismissal order as final pursuant to Federal Rule of Civil Procedure 54(b). It appears, however, that the district court did not make the two express determinations required by Rule 54(b). *See Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005)

Exhibit A

(explaining the requirements of Rule 54(b)). As a result, the district court's Rule 54(b) certification appears insufficient to confer jurisdiction on this court. *See id.* (dismissing for lack of jurisdiction due to insufficient Rule 54(b) certification).

Accordingly, **within 30 days** from the date of this order, Appellant shall file with this court a copy of either a district court order granting a proper Rule 54(b) certification or a final judgment adjudicating all remaining claims. *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645-46 (10th Cir. 1988) (explaining circuit practice of notifying parties of apparent defect and setting deadline to obtain a Rule 54(b) certification or final judgment).

Briefing on the merits is suspended pending further order of the court. 10th Cir. R. 27.3(C).

Entered for the Court
CHRISTOPHER M. WOLPERT, Clerk

by: Jane K. Castro
Chief Deputy Clerk

From: **Todd Starr** <todd.starr@mesacounty.us>
Date: Thu, Jan 25, 2024 at 7:01 PM
Subject: Re: Peters v. U.S.
To: Patrick McSweeney <patrick@mck-lawyers.com>
Cc: Dan Rubinstein <dan.rubinstein@mesacounty.us>


Dear Mr. McSweeney,

I appreciate the courtesy extended in sharing your proposed Order for the consideration of the US District Court. After careful review, I do not consent to the entry of your proposed order and, in fact, plan to oppose any such motion on multiple grounds.

Tomorrow, I will file a motion aimed at staying or extending the briefing/response period pertaining to your motion for a Preliminary Injunction before the 10th Circuit until such time as the 10th Circuit attains proper appellate jurisdiction. I am reaching out to seek your consent for such an extension. While I am open to a concise timeframe for our response (e.g., 4 days) once the appeal is appropriately before the 10th Circuit, I would appreciate clarity on whether you consent or oppose this motion.

Thank you for your prompt attention to these crucial matters. I am at your disposal should you have any questions or require further information.

Sincerely,

Todd M. Starr
Mesa County Attorney
544 Rood Ave.
2nd Floor Annex
Grand Junction, Colorado 81501
O: (970) 244-1612
C: (970) 749-0807

Exhibit B

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email address:

For Defendants United States of America and Merrick Garland:

Jennifer Lake
Assistant United States Attorney
United States Attorney's Office, District of Colorado
Jennifer.Lake@usdoj.gov

For Defendant Daniel Rubinstein:

Todd Starr
Mesa County Attorney
Todd.starr@mesacounty.us

I hereby certify that on January 26, 2024, I sent the foregoing to the following individuals at the email addresses set out below:

For Defendant Jena Griswold:

Michael Kotlarczyk
Senior Assistant Attorney General
Mike.Kotlarczk@coag.gov

LeeAnn Morrill
First Assistant Attorney General, Public Officials Unit
LeeAnn.Morrill@coag.gov

_/s/ Robert J. Cynkar_