IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-03014-NYW-JPO

TINA PETERS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
MERRICK B. GARLAND, Attorney General of the United States, in his official capacity,
DANIEL P. RUBINSTEIN, District Attorney of the Twenty-First Judicial District, in his official capacity,

    Defendants.

---

**MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF No. 33)**

---

Defendants United States of America and Merrick B. Garland (the "Federal Defendants") move to dismiss the claim asserted against them in Plaintiff's First Amended Complaint, ECF No. 33 (the "Complaint"), pursuant to Rules 12(b)(1) and 12(b)(6).  Plaintiff's claim seeks relief—that the Court enjoin an ongoing federal criminal investigation—that would contravene separation of powers and longstanding principles of equity jurisdiction.  Even if the Court were inclined to take the extraordinary step of exercising jurisdiction over a challenge to an ongoing criminal investigation, Plaintiff's claim should be dismissed for the following additional reasons: she fails to sufficiently allege standing, the prudential ripeness doctrine counsels against review at this stage,

and she has failed to plausibly state a claim for First Amendment retaliation.[1]

## FACTUAL BACKGROUND

Plaintiff is the former Clerk and Recorder for Mesa County, Colorado. ECF No. 33 ¶ 5. On March 8, 2022, a grand jury for Mesa County returned a thirteen-count indictment (the "Mesa County Indictment") against Plaintiff based on actions she took in connection with the Colorado Secretary of State's trusted build election management software upgrade (the "Trusted Build"). *See* ECF No. 1-28.[2] The Trusted Build occurred at the Mesa County Election Office on May 25-26, 2021. *Id.* at 9.

The Mesa County Indictment alleges that, at Plaintiff's direction, the security surveillance cameras protecting the secured elections areas at the Elections Office were turned off on May 17, 2021, before the Trusted Build, and were not operational throughout the Trusted Build. *Id.* at 11-12. On May 18, 2021, the back-office elections manager emailed a Secretary of State employee stating that an individual named Gerald Wood, identified as an Administrative Assistant, would be present at the Trusted Build. *Id.* at 11. Mr. Wood later testified to the Mesa County grand jury that he was never a county or a state employee, and that Plaintiff had contacted him about performing contract work involving backing up Dominion voting machines. *Id.* at 11-12.

---

[1] Undersigned counsel conferred with Plaintiff's counsel about the grounds for dismissal addressed herein. Plaintiff opposes this Motion. *See* NYW Civ. Practice Standards 7.1B(b).

[2] The Court previously noted that although the First Amended Complaint references the same exhibits filed with Plaintiff's original complaint, she did not re-attach those exhibits. *See* ECF No. 39 at 11 n.7. However, since the First Amended Complaint references those exhibits, the Court can consider them as incorporated therein. *See id.*

2

The Mesa County Indictment further alleges that on Sunday, May 23, 2021, two days before the Trusted Build, key card access badges assigned to Plaintiff, Mr. Wood, and another individual were used to access secured areas. *Id.* at 12. Mr. Wood then attended the Trusted Build and was introduced as an administrative assistant or, alternatively, as a Motor Vehicle Division employee who was transferring to the Elections Office. *Id.* at 12.

In August 2021, Colorado Secretary of State employees learned that confidential images of the Mesa County election management systems and related passwords had been published on the Internet. *Id.* Mesa County was thereafter prohibited from using its elections equipment in part because the Secretary of State "could not establish confidence in the integrity or security of the Mesa elections equipment." *Id.*

Plaintiff alleges that she faced state investigation and prosecution, and that Defendant Rubinstein, the District Attorney of the Twenty-First Judicial District, "communicated with federal law enforcement officials and requested that they investigate" her. ECF No. 33 ¶ 53; *id.* ¶ 106. She alleges that a federal investigation was initiated in August 2021, *id.* ¶ 106, and that the U.S. Department of Justice ("DOJ") then convened a federal grand jury to investigate "forensic imaging of the Mesa County EMS server." *Id.* ¶ 107. She alleges the investigation is ongoing. *Id.* ¶ 117.

In this suit, Plaintiff seeks to enjoin the state prosecution and the federal investigation. The Court already dismissed the claim concerning the state prosecution. *See* ECF No. 39 at 12-19. As to the Federal Defendants, Plaintiff alleges that they have "investigated Plaintiff to punish her for exercising her First Amendment right of free

3

speech for the purpose of informing her fellow citizens of illegal actions of [the Colorado Secretary of State] and problems with the computer voting system in Mesa County," and "about the need for reform of the election system."  ECF No. 33 ¶ 150; *see also id.* ¶ 109 (alleging retaliation for exercising her rights "to question the integrity of the November 2020 election").  She seeks declaratory and injunctive relief.  *Id.* ¶¶ 152-153.

## ARGUMENT

### I. This Court lacks authority here to enjoin a federal criminal investigation.

Plaintiff's claim against the Federal Defendants should be dismissed because the Court lacks equitable authority here to enjoin an ongoing federal criminal investigation.

The Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted).  "It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions." *United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965) (en banc).  Accordingly, "[i]t is a sound and well-established principle that a court should not exercise its equitable powers to interfere with or enjoin an ongoing criminal investigation." *Manafort v. U.S. Dep't of Justice*, 311 F. Supp. 3d 22, 26 (D.D.C. 2018); *see also Deaver v. Seymour*, 822 F.2d 66, 71 (D.C. Cir. 1987) (a party "cannot, by bringing ancillary equitable proceedings, circumvent federal criminal procedure").  "[A] party seeking to enjoin a [federal] criminal investigation bears an almost insurmountable burden." *LaRouche v. Webster*, 566 F. Supp. 415, 417 (S.D.N.Y. 1983) ("it is not the function of the courts to review the

4

wisdom of the prosecutor's decision to investigate").

Under these standards, courts have refrained from enjoining federal criminal prosecutions except in narrow circumstances where the threatened prosecution is shown to unconstitutionally chill the exercise of First Amendment rights, typically because the threatened prosecution is based on a statute that restricts free expression. *See, e.g.*, *United States v. Stone*, 394 F. Supp. 3d 1, 15 (D.D.C. 2019) (observing that the Supreme Court has generally upheld injunctions to restrain criminal proceedings "only where the threatened prosecution chilled exercise of First Amendment rights," but noting that "here, defendant is not being prosecuted for violating a law that specifically restricts free expression" (cleaned up)); *accord Dombrowski v. Pfister*, 380 U.S. 479, 486 (1965) ("[a] criminal prosecution under a *statute regulating expression* usually involves imponderables and contingencies that themselves may inhibit the full exercise of First Amendment freedoms" (emphasis added)); *Lindell v. United States*, 639 F. Supp. 3d 853, 875 (D. Minn. 2022) (civil action to enjoin a criminal investigation was improper, in part because "[t]his case does not present the typical exception … where Plaintiffs are challenging their prosecution for violating a speech-restricting criminal statute"), *aff'd in relevant part*, 82 F.4th 614 (8th Cir. 2023).

Here, Plaintiff has not alleged that she is being investigated for possible violations of a statute that unconstitutionally restricts free expression. While she alleges that DOJ "has invoked" three statutes in the investigation, ECF No. 33 ¶ 111, none of those statutes purport to restrict speech. *See* 18 U.S.C. §§ 371 (conspiracy); 1028(a)(7) (identity theft); 1030(a)(2)(A) (intentional damage to a protected computer).

Indeed, another court has already held that a civil lawsuit involving allegations of a First Amendment chilling effect could not be used to collaterally attack the federal investigation into the publishing of forensic images of election software in Mesa County because there "are no extraordinary circumstances warranting an exception to application of" abstention principles.  *Lindell*, 639 F. Supp. 3d at 875-76.  And this Court has already observed that the judge in Plaintiff's state criminal proceedings conducted a probable cause review of the Mesa County Indictment and, "in a thorough and well-reasoned order," concluded that each of the thirteen charges against her was supported by probable cause.  ECF No. 39 at 16 (citations omitted).  Plaintiff alleges that the federal investigation is based on the same, or similar, facts underlying the state criminal prosecution.  *See* ECF No. 33 ¶ 107 (the federal investigation concerns "the forensic imaging of the Mesa County EMS server").

Accordingly, Plaintiff's request for this Court to exercise jurisdiction to forestall a criminal investigation must be analyzed under "the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury.'"  *Jarkesy v. SEC*, 803 F.3d 9, 26 (D.C. Cir. 2015) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)).  The "basic requisites" for equity jurisdiction are a "substantial and immediate irreparable injury, and the inadequacy of the remedies at law."  *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974).  In analyzing civil challenges to federal criminal investigations, courts have analyzed whether a plaintiff has satisfied these two elements.  *See, e.g.*, *Stone*, 394 F. Supp. 3d at 14 (holding that

6

injunctive relief "will be denied in light of traditional abstention principles, the lack of a showing of irreparable harm, and the availability of an adequate remedy at law").

Here, Plaintiff has not plausibly alleged either element. She has not plausibly alleged that she will not be able to assert her First Amendment defenses in the federal criminal proceedings if she is indicted, or that any investigation will cause immediate irreparable harm to her ability to engage in First Amendment speech.

First, she has a remedy at law. The Supreme Court has long held that "a suit in equity does not lie where there is a plain, adequate and complete remedy at law." *Terrace v. Thompson*, 263 U.S. 197, 214 (1923). Courts have repeatedly rejected attempts to enjoin federal criminal prosecutions because criminal defendants have a plain, adequate, and complete remedy: a motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12. *See, e.g.*, *Stone*, 394 F. Supp. 3d at 14 ("the proper avenue for defendant to mount a legal challenge to the prosecution is through a motion to dismiss" the indictment); *Stolt-Nielsen, S.A. v. U.S.*, 442 F.3d 177, 187 (3d Cir. 2006) (injunctive relief unavailable because plaintiffs had "access to a federal forum post-indictment in which they may assert" defenses under Rule 12); *Deaver*, 822 F.2d at 70 (recognizing the impropriety of enjoining federal prosecutions in light of Rule 12). Such a motion may be based on constitutional challenges. *Stone*, 394 F.Supp.3d at 8 (citations omitted). In addition, even First Amendment defenses "are adequately safeguarded by review after any adverse final judgment." *United States v. Ambort*, 193 F.3d 1169, 1172 (10th Cir. 1999). Plaintiff thus cannot show that she will not be able to assert her First Amendment defenses in the criminal proceedings if she is indicted.

Plaintiff cannot show that such remedies are inadequate. Indeed, "[n]owhere in the Constitution or laws of the United States is there an explicit statutory or constitutional guarantee of a right not to be tried for ordinary speech, even if otherwise protected by the First Amendment." *Ambort*, 193 F.3d at 1171 (cleaned up). Courts have thus recognized that First Amendment rights sometimes "must give way to the compelling governmental interest in investigating possible criminal activity." *LaRouche*, 566 F. Supp. at 418.

Second, Plaintiff has not plausibly alleged facts showing any substantial and immediate irreparable injury. She alleges that she faces an investigation, but "the mere threat of potential future prosecution is insufficient to establish irreparable harm for exercising equitable jurisdiction." *Lindell*, 82 F.4th at 620; *see also Manafort*, 311 F. Supp. 3d at 29 ("[t]he imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity" (cleaned up)). The burdens that a party may experience as a result of a criminal investigation fall within the category of burdens that "all citizens must submit to . . . so that larger societal interests may be preserved." *Deaver*, 822 F.2d at 69 (citations omitted).

Moreover, Plaintiff's only allegations of harm resulting from the federal investigation are conclusory—that the FBI's "intimidation tactics burden Peters' ability to engage in protected First Amendment communications and associational activity." ECF No. 33 ¶ 110; *see also id.* ¶ 149 (alleging that the "Federal Defendants' conduct has caused and continues to threaten injuries to Peters that would chill a person of ordinary firmness from continuing to engage in Peters' constitutionally protected conduct"). But

8

Plaintiff does not specifically identify any such tactics or conduct, let alone facts showing that any investigation of her imposes a burden on her First Amendment speech.

Given these principles, courts have frequently declined to find circumstances sufficient to warrant the exercise of equity jurisdiction to enjoin a federal investigation. Enjoining a federal investigation interferes with effective law enforcement. *See, e.g.*, *Lindell*, 639 F. Supp. 3d at 875-77 ("[a]gainst Plaintiffs' unsupported allegations of constitutional violations and conclusory assertions of harm, the Government has a significant interest in effective law enforcement and prompt resolution of criminal matters"). Indeed, if DOJ "could be compelled to demonstrate the propriety of its motives every time it initiated a criminal investigation its investigatory function would be substantially impeded." *LaRouche*, 566 F. Supp. at 418. Thus, "a civil case is not the appropriate vehicle for taking issue with what a prosecutor has done in the past or where he might be headed." *Manafort*, 311 F. Supp. 3d at 26.

In sum, Plaintiff has not alleged facts sufficient to warrant this Court to exercise jurisdiction over her challenge to an ongoing federal investigation. Her allegations do not plausibly allege that she lacks an adequate remedy at law or the type of irreparable harm required to establish equity jurisdiction.

## II. Plaintiff does not allege facts sufficient to show that she has standing to pursue her claim against the Federal Defendants.

Standing "assures that there is a real need to exercise the power of judicial review." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (cleaned up). The Supreme Court has emphasized that the "standing inquiry has been especially rigorous

when reaching the merits of the dispute would force us to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (cleaned up). "The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches." *Id.* (citations omitted). These standing principles limit a party's ability to forestall future steps in a criminal investigation. *See Manafort*, 311 F. Supp. 3d at 34 (plaintiff's "effort to forestall unspecified and as yet unknown future developments in the Special Counsel investigation . . . where the harm is purely speculative, raises significant standing and ripeness issues").

To establish standing, a plaintiff must allege an injury-in-fact, causation, and redressability. *Lujan v. Def's of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561 (citations omitted). Here, Plaintiff fails to sufficiently allege facts showing either an injury-in-fact or causation.

To show an injury in fact, a party seeking prospective injunctive and declaratory relief must show that the injury is "certainly impending." *Clapper*, 568 U.S. at 409 (citations omitted). "Allegations of a subjective chill are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Laird v. Tatum*, 408 U.S. 1, 14-15 (1972) (cleaned up). "If all it took to summon the jurisdiction of the federal courts were a bare assertion that, as a result of government action, one is discouraged from speaking, there would be little left of the Article III threshold in First

Amendment cases." *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1089 (10th Cir. 2006).

Plaintiff has not alleged facts showing that she faces a specific present harm or a certainly impending one. The only injury she identifies from the federal investigation is a vague burdening or chilling of her First Amendment rights. *See* ECF No. 33 ¶¶ 110, 149. These conclusory allegations lack factual enhancement and are not entitled to a presumption of truth. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("[a]n allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement"). Plaintiff does not identify the specific tactics or conduct at issue or explain how these unspecified tactics have chilled her speech. Nor does she identify any speech in which she has refrained from engaging. Accordingly, she has not plausibly alleged an injury-in-fact.

Plaintiff has also failed to sufficiently allege facts showing causation—that any burdening or chilling of her First Amendment rights is being caused by the investigation she seeks to challenge. A "plaintiff's burden of demonstrating causation is not satisfied when speculative inferences are necessary to connect [the] injury to the challenged actions." *Nova Healty Sys. v.* Gandy, 416 F.3d 1149, 1157 (10th Cir. 2005) (cleaned up). Plaintiff is not currently charged with any federal crimes. And, as noted above, while she alleges that DOJ "has invoked" three statutes in the investigation, ECF No. 33 ¶ 111, none purport to restrict speech. *See* 18 U.S.C. §§ 371 (conspiracy); 1028(a)(7) (identity theft); 1030(a)(2)(A) (intentional damage to a protected computer).

Her citations to press releases and reports issued by federal officials are similarly

unavailing in showing that any First Amendment chilling effect she claims to experience is being caused by the federal investigation. She alleges that these public documents announce an intent "to suppress speech that questioned the legitimacy of Biden's election." *See* ECF No. 33 ¶¶ 100-105. But none of those documents express such an intent. Plaintiff also does not allege that she has refrained from engaging in any protected speech *because of* those press releases and reports. These references thus fail to show that the investigation is causing her claimed burden.

In sum, Plaintiff has not alleged facts sufficient to establish her standing to bring her claim against the Federal Defendants.

### III. Plaintiff's claim against the Federal Defendants is not ripe.

Plaintiff's claim is also not ripe. "Because federal courts cannot give advisory opinions, the matter must come to the court in clean-cut concrete form." *United States v. Cabral*, 926 F.3d 687, 693 (10th Cir. 2019) (cleaned up). Even if a case satisfies the case or controversy requirement, a court "may still decline to review it under the prudential ripeness doctrine." *Id.* "[P]rudential considerations weigh against hearing an action to prohibit" future unspecified actions by the federal government in an investigation. *Manafort*, 311 F. Supp. 3d at 37. The ripeness doctrine requires the court to analyze the fitness of the issue for judicial review and the hardship to the parties of withholding review. *Cabral*, 926 F.3d at 693.

As to the first prong, the court considers "whether determination of the merits turns upon strictly legal issues or requires facts that may not yet be sufficiently developed." *United States v. Ford*, 882 F.3d 1279, 1283 (10th Cir. 2018) (cleaned up)).

"The fitness of an issue for judicial review depends on whether there are contingent future events that may not occur as anticipated, or indeed may not occur at all." *Manafort*, 311 F. Supp. 3d at 37 (cleaned up).  Here, the issue is not fit for review because the facts are not sufficiently developed for the Court to properly analyze Plaintiff's First Amendment retaliation claim.  Plaintiff has not alleged what actions the federal government will take against her as a result of its investigation, or whether those actions will be subject to attack under the First Amendment.

With respect to the second prong, Plaintiff has not shown that she will suffer any hardship if the Court withholds review at this time.  As explained above, the only current harm that Plaintiff alleges as a result of the investigation is a vague chilling of her First Amendment rights—allegations that are entirely conclusory—and she retains the ability to raise any First Amendment objections in any future proceeding.

### IV. Plaintiff fails to state a claim for First Amendment retaliation.

Finally, Plaintiff's allegations fail to plausibly state a claim for First Amendment retaliation against the Federal Defendants.  Such a claim requires Plaintiff to show that "(1) [she] was engaged in constitutionally protected activity, (2) the government's actions caused [her] injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the government's actions were substantially motivated as a response to [her] constitutionally protected activity."  *Nielander v. Bd. of Cty. Comm'rs of Cty. of Republic, Kan.*, 582 F.3d 1155, 1165 (10th Cir. 2009) (cleaned up).  Even assuming Plaintiff engaged in constitutionally protected activity (which she has not sufficiently alleged), she has failed to plausibly allege the second and third elements.

For the reasons explained in Section II, *supra*, Plaintiff's conclusory allegations fail to plausibly allege that the Federal Defendants' actions have caused her any injury, let alone an injury that would chill a person of ordinary firmness from engaging in the unspecified speech in which she claims she has refrained from engaging.

Plaintiff also makes no non-conclusory allegations from which a plausible inference can be drawn that the Federal Defendants are investigating her *because of* any constitutionally protected speech. "A plaintiff's subjective beliefs about why the government took action, without facts to back up those beliefs, are not sufficient to create a genuine issue of fact." *Nierlander*, 582 F.3d at 1165 (citations omitted). A plaintiff must allege "*specific facts* showing that but for the retaliatory motive, the incidents to which he refers would not have taken place." *Rhodes v. Shannon*, No. 23-8026, 2024 WL 79964, at *3 (10th Cir. Jan. 8, 2024) (cleaned up) (emphasis in original); *see also McBeth v. Himes*, 598 F.3d 708, 717 (10th Cir. 2010) (a First Amendment retaliatory prosecution claim requires allegations of "but-for causation, without which the adverse action would not have been taken" (cleaned up)).

Here, Plaintiff makes conclusory allegations that the Federal Defendants' intent is to retaliate against her for her First Amendment activity. *See* ECF No. 33 ¶¶ 109 ("[t]he investigation of Peters by the Department of Justice was undertaken to punish and retaliate against her"), 110-111, 149 ("[t]he Federal Defendants' past and ongoing retaliatory and punitive conduct toward Peters was and is substantially motivated by Peters' constitutionally protected activity"). But her conclusory allegations provide no factual basis from which the Court could draw such an inference, and are therefore

14

insufficient to establish the third prong of Plaintiff's retaliation claim. *See, e.g.*, *VDARE Found. v. City of Colo. Springs*, 449 F. Supp. 3d 1032, 1050 (D. Colo. 2020) ("reliance on speculations and conclusory allegations is futile in pleading a plausible [First Amendment] retaliation claim").

To the extent Plaintiff alleges that the Federal Defendants were somehow improperly induced by Defendant Rubinstein to initiate an investigation, she has not plausibly alleged facts to support her theory. "To bridge the gap between the nonprosecuting . . . agent's motive and the prosecutor's action . . . a plaintiff bringing a claim for retaliatory prosecution must allege and prove an absence of probable cause." *McBeth*, 598 F.3d at 718 (cleaned up). Plaintiff alleges that "Rubinstein … communicated with federal law enforcement officials and requested that they investigate Peters." *See* ECF No. 33 ¶ 53. But her reference to this request does not plausibly show that any federal investigation is improper. And, as noted above, this Court has already observed that the state court conducted a probable cause review of the Mesa County Indictment (which Plaintiff indicates is based on the same underlying facts as the federal investigation) and found that probable cause supported all charges.

Plaintiff has thus failed to plausibly allege a First Amendment retaliation claim. The Court should dismiss the claim under Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, the Federal Defendants respectfully request that the Court dismiss the claim asserted against them in the Complaint, ECF No. 33.

Respectfully submitted this 5th day of February, 2024.

COLE FINEGAN
United States Attorney

s/ *Jennifer R. Lake*
**Jennifer R. Lake**
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: jennifer.lake@usdoj.gov

Counsel for Defendants Garland and the United States of America

16

**CERTIFICATE OF SERVICE (CM/ECF)**

  I certify that on February 5, 2024, I filed the foregoing with the Clerk of the Court for the District of Colorado using the CM/ECF system, which will send notification of such filing to all CM/ECF users associated with this case:

Robert J. Cynkar
rcynkar@mck-lawyers.com
Co-counsel for Plaintiff

John Case
brief@johncaselaw.com
Co-counsel for Plaintiff

              *s/Jennifer R. Lake*
              Jennifer R. Lake
              Assistant United States Attorney